A. F. Burton, Plaintiff in Error, *v.* James R. Wells, Defendant in Error.

1. Agreement: when promise to pay, implied.—If A. direct a deed to be made to B., upon the condition that the latter pay him a certain sum of money therefor, and B. receive the deed, he will be bound to pay the money, although he expressly dissented from the condition; his reception of the deed, will be construed as an assent to the terms, upon which alone, he had a right to demand it.

2. Same: consideration.—Any benefit to the promisor, or detriment to the promisee, is a sufficient consideration for a promise: hence, a promise made by one of two joint vendees, to pay the other vendee a sum of money, in consideration that the joint deed made to both, and not recorded, is destroyed or returned to the vendor, and a new deed to the land, made to the promisor alone, is valid.

3. Deed: cancellation of.—The cancellation or return of a deed for land, does not revest the title in the vendor.

In error to the Circuit Court of Kemper county. Hon. John Watts, judge.

The facts are fully stated in the opinion of the court, and the instructions are contained in the brief of counsel for plaintiff in error.

*T. Reaves,* for plaintiff in error.

The court charged the jury, at the request of Wells, that if they believed, from the evidence, that Burton got entire possession of the land by agreement with Wells, and retained the same in pursuance thereof, that was a sufficient consideration for a promise to refund the $50 paid by Wells. To this charge, Burton excepted.

The court charged the jury, at the request of Burton:—

1. That, if they believed, from the evidence, that Rowe made a joint deed to Burton and Wells for the land; that Wells had paid $50 of the purchase money; that afterwards, Wells agreed that Rowe should [make a deed to Burton alone, if Burton would pay back the $50; and that Wells had never conveyed his interest in the land to Burton, there was no consideration for a promise to pay the $50, and they must find for the defendant.

2. That, if they believed that Burton agreed with Wells to take the land off his hands, and pay back the $50; and believed

also, that this contract was verbal, the title of Wells still remained in him, and the contract was void under the Statute of Frauds, so that Wells could not recover.

The jury having found a verdict for Wells, Burton moved the court for a new trial, on the ground that the verdict was contrary to the law and the evidence. The court refused to grant a new trial, and Burton excepted to the refusal:—

1. The charge given at the request of Wells, is very clearly erroneous: first, because there was no evidence that Burton got entire possession of the land; secondly, because there was no evidence of an agreement between Burton and Wells, that Burton should have entire possession of the land; thirdly, because there was no evidence of a promise by Burton to pay Wells the $50; fourthly, because, if there was any evidence of an agreement that Burton should have entire possession of the land, the agreement was void under the Statute of Frauds; fifthly, because the evidence showed that Burton protested against paying the $50, and a promise to pay it, cannot be implied under such circumstances; sixthly, because Burton was not legally liable to pay the $50, and therefore the law does not raise a promise to pay it; and seventhly, because it authorized Wells to recover back the $50 he had paid on the land, while he still held the title conveyed by the joint deed; for, neither the failure to record that deed, nor the cancellation of it, could get Wells's title out of him. Nothing short of a conveyance by him, could have that effect.

In support of the first three objections to the charge, the plaintiff in error contends that a charge is erroneous, when there is no evidence to which it is applicable. *Brown* v. *Isbell*, 11 Alabama R. 1010; *Wilson* v. *Jackson*, Minor's R. 399; *Chamberlain* v. *Darrington*, 4 Porter, R. 515; *Yarborough* v. *Moss*, 9 Alabama R. 382; *Horsefield* v. *Adams*, 10 Ib. 9; *Langford* v. *Cum_ mings*, 4 Ib. 46.

In support of the fourth objection, the plaintiff contends, that a verbal contract for the sale of lands, or any interest therein, is void by the Statute of Frauds. Hutch. Code, p. 637, art. 1, § 1; p. 605, art. 1, § 1; 3 Cushm. R. 58; 2 Ib. 488; 13 S. & M. 93; 9 Ib. 207.

In support of the fifth objection to the charge, the plaintiff in error contends, that the law will not imply a promise, against the protestation of him who is attempted to be charged with it. *Jewett* v. *Inhabitants, &c.*, 1 Greenleaf, R. 125; *Whiting* v. *Sullivan*, 7 Mass. R. 107; *Dowell* v. *Brown*, 13 S. & M. 43.

In support of the sixth objection to the charge, the plaintiff in error contends, that the law will not raise a promise to pay, unless there is a legal liability to do so. See the cases last cited; and *Westmoreland* v. *Davis*, 1 Alabama R. 299.

In support of the seventh objection to the charge, the plaintiff in error contends, that neither the failure to record a deed, nor the cancellation of it, can re-vest the title in the grantor. *Mallory* v. *Stodder*, 6 Alabama R. 801; *King* v. *Crocheron*, 14 Ib. 822.

2. For the same reasons, and upon the same authorities, a new trial ought to have been granted; for they show that Wells was neither legally nor equitably entitled to recover upon the evidence before the jury.

*Freeman* and *Dixon*, for defendant in error.

It appears, from the bill of exceptions, that plaintiff and defendant had made a joint purchase of a tract of land, and paid $50 each on the same, and received a joint deed, which had not been recorded. That Burton then applied to the vendor for a deed to himself; that Wells consented to the same, upon re-payment by Burton of the $50 paid by him, and a release of his joint notes for the balance of the purchase money. Thereupon Burton took a deed to himself for the land, and gave his own notes in lieu of the joint notes of the parties, but refused to pay the $50. It is clear that Burton could not accept a *part* of Wells's proposition, and refuse the balance. Having taken a deed to the land in his own name, he will be held to the payment of the consideration asked by Wells for the same.

The objection to the instruction of the court for plaintiff, is not well taken; there was sufficient evidence to call for such an instruction. The instructions for the defendant were all given, and one of them erroneously; but the whole case was submitted to a jury, and they having found on the facts, this court will not disturb the verdict.

FISHER, J., delivered the opinion of the court.

. The defendant in error sued the plaintiff in error, before a justice of the peace of Kemper county, upon a claim for $50, and the justice rendering judgment for the defendant, in the action before him, the plaintiff prosecuted his appeal to the Circuit Court of said county, where judgment was rendered for the plaintiff below, and from which judgment the cause is brought into this court by writ of error. The facts are as follows:—

Burton, the defendant below, and Wells, the plaintiff, purchased jointly a tract of land from one Rowe, and paid each, on account of the purchase, the sum of $50; Rowe, at the same time, made them a deed for the land, and took the notes of each party for the balance of the purchase money. This deed not having been recorded, Burton afterwards proposed to Rowe, to make to him, (Burton,) a deed for the entire tract of land; Rowe agreed to do so, if Wells would consent to the arrangement: Wells being approached on the subject, consented, on condition that Burton would take up the notes given by Wells, and would pay back to Rowe, for the benefit of Wells, the $50 which had been paid. This answer was communicated to Burton, who did not agree to pay back the $50, but only to take up Wells's notes. Rowe, however, made the deed as requested by Burton, which deed he then received. It is not shown by the evidence what became of the deed which had been previously made to Burton and Wells. Upon this state of facts, the question for decision is, whether Burton's taking the deed from Rowe, knowing, at the same time, the terms prescribed by Wells, as the conditions upon which he, (Burton,) might take the deed to himself, must be understood as agreeing to those terms. It is true, that Burton said that he would not pay back to Wells the $50 which he had paid; and it may be conceded, that as a general rule, the law will not imply a promise, where the party has refused to make an express promise, in regard to the same matter. But here, the promise to pay the $50 was the condition, or at least, part of the condition, upon which Wells agreed that the deed might be made to Burton. His right to the deed depended upon his willingness to perform the condition, and if he refused to perform the condition, he must be understood, at the

same time, as refusing to receive the deed.  And the converse of this proposition must be held as equally true : if he received the deed, he received it with the condition annexed by Wells; that he, (Burton,) should pay back the $50.  He must be understood either as wholly agreeing, or disagreeing, to the condition.  If wholly disagreeing, he of course, declined receiving the deed; and if wholly agreeing, he undertook to perform the conditions annexed by Wells.

But it is said, that the title had already vested in Burton and Wells, by the joint deed, which had been previously made by Rowe, and that Wells's interest could not, by merely returning the deed to Rowe, or by its destruction or cancellation, be divested; and that there is, therefore, no consideration for the promise.  It is true, that a title having once vested under a deed, cannot be divested merely by destroying the deed, or returning it to the vendor.  But this point is not material in this case.  Burton, by taking the deed to himself, under the circumstances, might have it in his power to sell the land to an innocent purchaser, or to gain credit upon the faith of it; and in this way reap a benefit from the transaction.  Wells, on the contrary, having surrendered his evidence of title, would not have it in his power to sell the land, or to reap any benefit from what might be treated as a naked legal title, unaccompanied by either possession, or evidence of such title.

It is also said, that there is no evidence that the joint deed was returned to Rowe.  The presumption may be indulged, that when he made the deed to Burton, he, (Rowe,) took up the first deed, and that Burton had such deed ready to deliver up, on receiving the deed to himself.

Upon the whole case, we are satisfied that there is no error in the action of the court below.

Judgment affirmed.