## GILCHRIST-FORDNEY CO. v. RUSSELL.

(Circuit Court of Appeals, Fifth Circuit. February 12, 1927.)

No. 4810.

**1. Public lands ☞157—State held to have conveyed whatever title it had to land previous to deed to plaintiff.**

A state *held* to have previously conveyed whatever title it had to land and a deed to plaintiff *held* to convey no title.

**2. Public lands ☞157—Statute relating to "issuance" of land patents by state held to include delivery (Hemingway's Code, Miss. § 5282).**

Under Hemingway's Code Miss. § 5282, providing that, on an opinion of the Attorney General that land to which the state has issued a patent did not belong to the state, the land commissioner shall cancel the patent and return the price received to the patentee "issuance" of the patent includes its delivery.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by S. D. Russell against the Gilchrist-Fordney Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Stone Deavours and Henry Hilbun, both of Laurel, Miss. (J. A. McFarland, of Bay Springs, Miss., on the brief), for plaintiff in error.

Robert L. Bullard, of Hattiesburg, Miss., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit in ejectment. The title of the plaintiff, Russell, is based on a forfeited tax patent from the state of Mississippi, dated April 29, 1924, and issued because of the nonpayment of taxes for the year 1874. The defendant traced its title to the source, but also introduced in evidence a forfeited tax patent of the same land, dated October 14, 1904, to G. W. Holland, an application by Holland to cancel that patent, a letter from the land commissioner submitting that application to the Attorney General, and a letter from the latter in reply, stating that the land described in the patent did not belong to the state, an indorsement by the commissioner, dated March 15, 1906, canceling the patent, and a voucher to Holland for the purchase price. No deed or conveyance from Holland back to the state was shown. The trial court directed a verdict and entered judgment thereon for plaintiff, and defendant assigns error.

[1, 2] We are of opinion that the evidence is sufficient to show that the state conveyed whatever title it had to Holland in 1904, and therefore in 1924 had no title to convey to plaintiff. Whether the state's title was valid or not is immaterial; if valid, it passed to Holland; if invalid, plaintiff did not acquire any. It is argued on behalf of plaintiff that the judgment is correct, because the evidence fails to show delivery of the Holland patent. Hemingway's Code, § 5282, provides that, if the state has issued or shall issue a patent for land to which it holds no title, the land commissioner shall investigate and report to the Attorney General, and the latter, if he shall find that the land so patented did not belong to the state, shall so advise the former, who shall thereupon mark such patent canceled, and issue his voucher to the patentee for the amount received by the state.

In our opinion the issuance of the patent there referred to includes delivery, and it was not the intention of the Legislature to provide for the cancellation of patents that had merely been signed, but not delivered. If it had been discovered after signing, but before delivery, of a patent that the state had no title, the provision for cancellation would have been wholly unnecessary. The authorization to return the purchase price implies that the patentee had accepted title. The procedure prescribed by that statute was followed by the state's officials in regard to Holland's patent. Upon the execution of the patent in 1904 it was the duty of the land commissioner to deliver it to the patentee, and the presumption is that he performed that duty. That the purchase price had been paid is to be inferred from the fact that it was returned to the purchaser. To conclude that the patent to Holland was

not delivered is to ignore the undisputed documentary evidence that it was issued. The cancellation of that patent did not have the effect of placing the title back in the state. To accomplish that, a deed from Holland was necessary (McAllister v. Mitchener, 68 Miss. 672, 9 So. 829); and none was shown.

The judgment is reversed, and the cause remanded for a new trial.