## KIBBY et al. v. LEON. (No. 8201.)

(Court of Civil Appeals of Texas. Galveston. May 5, 1922.)

**1. Judgment ⬅203 — Injunction cannot be granted after final judgment has been entered by agreement of parties.**

Where a final judgment had been entered by agreement of the parties, removing the trustees of a trust company, appointing other trustees in their stead, discharging the receiver theretofore appointed for the trust company, and disposing of all other issues in the cause, the court had no power thereafter to grant an injunction against the trustees who had been removed to restrain them from being elected or appointed as such trustees in the future.

**2. Judgment ⬅18(1)—Injunction should not be granted where there was no application therefor by any party.**

In a suit to remove trustees of a trust company, the courts should not grant an injunc-

tion restraining the trustees removed from thereafter accepting an election or appointment as such trustees, where no party to the cause had made an application for such injunction.

**3. Judgment ⬅19—Injunction should not be granted without evidence.**

An injunction was erroneously granted by the court, where the recital in the judgment that depositions were considered was contradicted by a bill of exceptions approved by the court, which stated that the depositions referred to were not introduced by either party at the hearing for the injunction, and there was no other evidence presented at such hearing.

**4. Banks and banking ⬅314—Court has no authority to enjoin removed trustees of trust company from thereafter being eligible to election or appointment.**

A court which removed trustees of a trust company had no power to declare that the trustees removed should never at any time in the future be eligible to election or appointment as trustees or officers of the trust company.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by Isadore Leon against the General Oil Company, H. A. Kibby, and others. From a judgment granting a perpetual injunction against defendant Kibby and others, those defendants appeal. Reversed, and judgment rendered for appellants.

Moody, Boyles, Walker & Scott of Houston, for appellants.

PLEASANTS, C. J. This suit was brought by the appellee against the General Oil Company, the S. E. J. Cox Company, and the Prudential Securities Company, all of said companies being business associations organized under a trust agreement, and against H. A. Kibby, S. E. J. Cox, and other named defendants, who were trustees of the above-named trust association.

Plaintiff sued as a creditor and shareholder of the General Oil Company, and alleged that the trustees of the company had been guilty of fraud and negligence in the management of the property, and prayed for a temporary injunction restraining the General Oil Company and its trustees from paying any further sums of money to S. E. J. Cox or Mrs. N. E. Cox, pending the hearing thereof, and for an accounting on the part of S. E. J. Cox, Mrs. N. E. Cox, and the General Oil Company; for the appointment of a receiver for said General Oil Company, pending the time when other and faithful trustees should be chosen by the plaintiff and other shareholders therein; for the cancellation of all credits in favor of the Prudential Securities Company, the S. E. J. Cox Company, S. E. J. Cox, and Mrs. N. E. Cox, and for an accounting by the said parties and the

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

General Oil Company for moneys already paid the former by the latter; for the cancellation of all selling contract between said companies and the General Oil Company, and for judgment for the amount of the debt, interest, attorney's fees, and for foreclosure of lien, and for general relief.

Pending the hearing of the application for injunction, H. W. Hopkins and other creditors and shareholders of the company intervened in the suit and adopted the allegations of plaintiff, and in addition to the prayer of the petition asked for the removal of appellants as trustees and the appointment of suitable trustees by the court.

The defendants denied all of the allegations contained in the petitions of the plaintiff and the interveners.

On October 18, 1920, the court appointed a receiver and enjoined all persons whomsoever from doing any act that interferes with the exercise of the powers and authority of said receiver.

On May 28, 1921, the following judgment was rendered in the cause:

"Be it remembered that on this the 28th day of May, A. D. 1921, came on to be heard and determined the above styled and numbered cause on the agreement filed herein by all of the parties hereto, save and except certain intervenors, who have under the permission of this court from time to time filed interventions herein as creditors of the General Oil Company under the receivership proceedings.

"And it appearing to the court that said agreement contains the following provisions, to wit:

"'(1) That a final judgment may be entered removing S. E. J. Cox, N. E. Cox, H. A. Kibby and A. H. Klees as trustees of the General Oil Company and as officers of the said General Oil Company.

"'(2) That the parties hereto waive any appeal or writ of error or other proceedings to review or revise this final judgment.

"'(3) That as to all other matters and issues except the ones herein stated, the parties agree that same shall be dismissed out of this cause without prejudice to any of the parties hereto.

"'(4) That the court may and is here now requested to name and appoint five (5) persons suitable to the court as trustees of the General Oil Company, to carry out the trust agreement constituting said company; said parties hereby ratifying and confirming and acquiescing in any appointment that may be made by this court by virtue of the request herein made and the authority of law with which this honorable court is vested.

"'(5) That the parties hereto further agree that all General Oil Company stock now in the hands of M. McDonald, receiver, as the property of S. E. J. Cox, N. E. Cox, A. E. Crick, or either of them, may be canceled and held for naught.

"'(6) That the receiver, herein appointed, shall promptly settle his accounts and submit the same to this court for approval, and upon approval of same, the said receiver shall be discharged conditioned that such proceedings meet with the approval of this honorable court.'

"And the following parties to said agreement, namely, S. E. J. Cox, N. E. Cox, H. A. Kibby and H. A. Klees, here now appear in open court by their attorneys, and also here now appear in open court, M. McDonald, receiver herein, in person and by his attorney, Sewell Myer, and also here now appears in open court, the General Oil Company (the trust company), and the General Oil Company (the corporation), by their attorney, John C. Williams, now, therefore, because of said agreement, and the testimony heretofore introduced by the depositions of numerous parties herein, the court orders and adjudges that S. E. J. Cox, N. E. Cox, H. A. Kibby, and A. H. Klees, who were formerly trustees and officers of the General Oil Company, a common-law trust company, defendant herein, and each of them, be and they are hereby removed as trustees or officers of the General Oil Company, the said trust company.

"It is further ordered, adjudged and decreed, that all of the General Oil Company stock now in the hands of M. McDonald, receiver, and held by him as the property of S. E. J. Cox, N. E. Cox, A. E. Crick, or either of them, be returned to the General Oil Company and canceled and hereafter held for naught.

"It is further ordered, adjudged and decreed by this court that all other issues except the issues determined herein, be dismissed from this cause without prejudice and that each party hereto, except as to the issues here determined, be allowed to and each of them do hereby take a nonsuit without prejudice as to each and every issue heretofore made herein, except as herein stated, and that this judgment does not preclude any party hereto from hereafter litigating any issue that might have been litigated herein, except as to the issues herein determined.

"The following parties are hereby named as trustees of the General Oil Company in lieu of and instead of all persons heretofore acting as permanent or temporary trustees of said company, to wit, M. McDonald, John C. Williams, K. C. Barkley, H. D. Conley, and Geo. F. Liebrandt, said persons to become trustees as aforesaid and assume the powers and duties as such whenever this receivership proceeding is finally closed and the receiver herein is discharged by the court, at which time they and each of them shall be clothed with all the powers given the trustees under the articles of trust by which the General Oil Company is incorporated. It appearing to the court that as between the General Oil Company, a Texas corporation, defendant herein, and the General Oil Company, a trust company, defendant herein; it was agreed by and between the said companies, each acting through its legally authorized officers, that all of the property, personal and real, with rights, franchises, choses in action, together with all rights, equities and interest of the General Oil Company, the corporation, should pass to and become the property of the General Oil Company, a trust company, and that said trust company would assume all the legal liabilities of the General Oil Company, the corporation.

"It is therefore adjudged, ordered and de-

creed by the court that all the property, real and personal and mixed, together with all equities, franchises, choses in action and all other kinds and character of property and property rights heretofore belonging to the General Oil Company, the corporation, be and it is hereby divested out of the said corporation, the General Oil Company, and vested in the General Oil Company, the trust company, and that the General Oil Company, the trust company, shall assume, pay off and discharge all of the legal liabilities of the General Oil Company, the corporation.

"It is further ordered, adjudged and decreed that M. McDonald, receiver, herein make to this court at his earliest convenience, a full and complete record of his receivership and as soon as practical, after the approval of said report, that he pay off all creditors that have heretofore intervened herein, whose claims of indebtedness against the General Oil Company he approves; and that all interventions against the General Oil Company which said receiver does not approve and pay off, be and they are hereby dismissed from this suit without prejudice, and that when the above orders have been fully complied with by the said receiver, said receivership shall be closed and the General Oil Company, and its affairs, shall by the receiver be returned and delivered to the trustees hereinabove named."

And also the following:

"Be it remembered that on this the 28th day of May, A. D. 1921, came M. McDonald, the receiver for the General Oil Company, and tendered to this court his final report of the management of the General Oil Company by him as receiver, and said report having been in all things fully considered by the court, the same is hereby in all respects approved, and the receiver and his bondsmen are hereby fully discharged and released from all liabilities of every kind and character whatsoever.

"The receiver, M. McDonald, is hereby allowed a fee for his services as receiver for the General Oil Company in the sum of $30,000, for which he may have his execution at any time within six months from this date, or thereafter if he has not seen fit to have issued to him such execution within said time.

"Sewell Myer, the attorney for the receiver, is hereby allowed a fee of $15,000 for his services as attorney for said receiver, and the receiver is hereby ordered and directed to pay to the said Sewell Myer the said sum of $15,000, less whatever amount has been heretofore paid him, and the said Sewell Myer is discharged from any further liability or obligations.

"All claims heretofore filed herein against the General Oil Company which have not heretofore been paid are hereby dismissed from this cause without prejudice either to the claimant or the General Oil Company.

"There existing no further necessity for this receivership, the same is hereby in all things dismissed and this receivership proceedings fully closed, and the receiver is ordered to turn over to the trustees heretofore on this day appointed by this court herein all the properties of the General Oil Company (the trust company) as in said trustees shall proceed to manage, control and operate the affairs of said company, in conformity to the provisions of said order appointing them and the trust agreement under which said company exists."

On the same day this judgment was rendered, but subsequent to its rendition and entry, the court rendered and entered the following judgment:

"Whereas, a certain judgment has heretofore at the present term of this court been rendered in this cause, by the terms of which S. E. J. Cox, N. E. Cox, H. A. Kibby and A. H. Klees were removed as trustees of the General Oil Company by this court and from all other official connection with the General Oil Company:

"Now therefore, the several above-named persons having here now on this 28th day of May, A. D. 1921, appeared for the purpose of showing cause why they should not be perpetually restrained and enjoined as hereinafter set out, and thereupon the court proceeded (over the objection of said persons) to consider the facts of their said removal by said judgment, as above stated, together with the evidence heard by the court on the hearing of the application for receivership herein, contained in written depositions of witnesses on file in this cause; and the court, after considering such fact and the evidence above stated, here now orders that the said S. E. J. Cox, N. E. Cox, H. A. Kibby and A. H. Klees, be and each of them are hereby enjoined perpetually from being trustees or officers of the General Oil Company, the trust company, and from holding themselves out or representing in any manner whatsoever that they are trustees or officers of the said General Oil Company (the trust company); and from being, acting or holding themselves out as officers of the General Oil Company, the corporation.

"And whereas, in said judgment, so entered herein, as above mentioned, certain persons are named as trustees of and for the General Oil Company, the trust company, and whereas, it is therein provided that when the receiver herein is discharged by the court that they and each of them, so named as trustees, be clothed with all powers given the trustees under the articles of trust by which the General Oil Company is incorporated, it is hereby ordered, adjudged and decreed by the court that said provision means and is intended to mean that the said trustees shall be clothed with all the powers given the trustees under the articles of trust by which the General Oil Company is incorporated (subject to such limitations thereof as may lawfully result from the injunction provisions in this judgment, relating to S. E. J. Cox, N. E. Cox, H. A. Kibby and A. H. Klees. To all of which said decree, the defendants, S. E. J. Cox, N. E. Cox, H. A. Kibby and A. H. Klees in open court except and give notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District at Galveston; 90 days after adjournment allowed within which to file statement of facts and bills of exception."

From the above judgment granting a perpetual injunction against them, the defendants S. E. J. Cox, N. E. Cox, H. A. Kibby, and A. H. Klees prosecute this appeal.

As shown by the pleadings before set out

and by the statement in appellants' bill of exceptions, which was approved by the court, "that no evidence whatever was heard on said May 28, 1921, and that said depositions (referred to in the judgment rendered by the court) were not produced before said court on said May 28, 1921, nor were they offered in evidence by any party to this cause," there was neither pleadings nor evidence to support the judgment. This condition of the record speaks for itself and condemns the judgment as wholly unauthorized.

[1-4] Appellants' brief presents the following propositions:

"(1) The court having already entered an agreed final judgment disposing of all of the issues in the cause and discharging the receiver, the cause was no longer a pending suit and the court had no power to enter an additional judgment herein.

"(2) The court ought not to have entered the injunction judgment complained of herein, because there was no application before him, by any party to this cause, praying for the rendition of any such judgment.

"(3) The court ought not to have entered the injunction judgment complained of, because no evidence whatever was adduced upon the hearing concerning any matter whatsoever.

"(4) The court ought not to have entered the injunction judgment, because the same declares that these appellants shall never at any time in the future be eligible to selection, election, or appointment as trustees or officers of the General Oil Company; and it is beyond the power of any court to so determine and declare."

Each of these propositions must be sustained, and each presents a valid reason for holding the judgment unauthorized and void. The propositions are so elementary that their discussion and the citation of authorities are unnecessary.

The judgment of the court is reversed, and judgment here rendered for appellants.

Reversed and rendered.

