### ASTALL v. ASTALL. (No. 8835.)

(Court of Civil Appeals of Texas. Galveston. March 11, 1926.)

Divorce ⬦234—After judgment for husband in divorce suit and overruling of wife's motion for new trial, court could not enter second judgment decreeing that she recover certain sum for maintenance and support (Rev. St. 1911, art. 1997).

After judgment for husband in divorce suit, in which wife filed cross-action, and overruling of her motion for new trial, court could not enter second judgment decreeing that she recover $1,000 for maintenance and support, in view of Rev. St. 1911, art. 1997, providing for only one final judgment.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Suit by James Joseph Astall against Louise Astall. From a second judgment, entered after judgment for plaintiff and overruling of defendant's motion for new trial, plaintiff appeals. Reversed and rendered.

Frank S. Anderson, of Galveston, for appellant.

GRAVES, J. The appellant filed this suit in the court below for a divorce upon the ground of cruel treatment. The appellee, after denying the grounds alleged by her husband, filed a cross-action seeking a divorce in her own behalf upon like averments, and also certain property allowance, praying the court to award her a homestead and certain sums of money for her maintenance and support out of certain properties then held by the appellant.

The court submitted the cause to a jury upon inquiries embodying almost verbatim the allegations of each of the parties against the other, and, upon a verdict being returned in favor of appellant, entered judgment in his favor on May 9, 1925, divorcing the parties on the ground of cruel treatment, and decreeing that the appellee, Louise Astall, take nothing by her cross-action against the appellant. The appellee duly filed a motion for a new trial, which was heard and overruled on May 23, 1925. After the entry of this judgment and the overruling of the motion for a new trial, the court, in response to a motion for such judgment which had been previously filed by the appellee, also entered a second judgment decreeing that appellee recover against the appellant for her maintenance and support the sum of $1,000, to be paid out of the separate funds of the appellant on deposit in bank. From that judgment this appeal proceeds. The appellee had previously given notice of appeal from the order overruling her motion for a new trial, but did not perfect it.

The appellant in this court complains of the $1,000 award, on the ground that one final judgment in the cause in his favor and against appellee, also providing that she take nothing by her cross-action, had previously been duly entered and her motion for new trial overruled, wherefore the whole cause, having thus been disposed of, was no longer a pending suit before the court at the time it attempted to enter the $1,000 judgment. This contention must be sustained, and the judgment appealed from vacated and held for naught. It directly contravenes our statute (R. S. art. 1997), which provides that "only one final judgment shall be rendered in any cause, except where it is otherwise specially provided by law." It has been directly held that the filing of a plea in reconvention, such as the one here involved, does not constitute such other provision of law as will permit two final judgments in

the cause. Taylor v. Masterson (Tex. Civ. App.) 231 S. W. 856. See, also, Kibby v. Leon (Tex. Civ. App.) 241 S. W. 1064, by this court, holding in effect the same thing.

The judgment of the trial court being unauthorized and void, the same will be reversed, and this court's judgment will enter, decreeing that the appellee take nothing by her suit herein.

Reversed and rendered.