CARTEE *v.* BLACKETOR *et al.*

(Division A. Oct. 25, 1937. Suggestion of Error Overruled Dec. 6, 1937.)

[176 So. 532. No. 32750.]

**T. J. Wills,** of Hattiesburg, and **Homer Currie,** of Raleigh, for appellant.

F. M. Morris, of Hattiesburg, for appellees.

Argued orally by **T. J. Wills**, for appellant, and by **F. M. Morris**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is the second appearance of this case in this court, 172 Miss. 889, 161 So. 696, 698. The former appeal was from a decree sustaining a demurrer to a cross-bill and granting the relief prayed for in the original bill. The court there held that on its allegations the cross-complainants were entitled to the relief therein prayed for. On the return of the case to the court below it was tried on the pleadings and proof, resulting in a decree for the cross-complainants. A full statement of the case appears in our former opinion, will not be reproduced here, and this opinion must be read and interpreted in connection therewith.

The appellant practically reargues the questions presented on the former appeal. But, aside from the law of the case rule, we will adhere to the rulings there made. On the question of fact presented as to whether the indebtedness by Davis to Cartee, secured by the pledge of the note and deed of trust from Kersh to Davis, had been paid prior to the foreclosure of the deed of trust by Cartee and the purchase by him of the land at the trustee's sale, the evidence was in conflict, and the court below was warranted therefrom in solving the conflict as it did. The record presents no error except as hereinafter stated.

When the cause came on to be heard in the court below, an order was entered by consent of the parties thereto that it "be argued before the Chancellor in vacation at his office in Hattiesburg, Mississippi, on Saturday, June 13th, at 9 o'clock, A. M., and a final decree to be entered therein by the Chancellor on said date or as soon thereafter as possible." On June 13th, by agreement of counsel, the court ordered the case to be argued on July 4th thereafter. On July 11th, in vacation, the chancellor rendered a decree which reads in part as follows: "It is, therefore, accordingly ordered that the land described as: [Description of land here omitted] is hereby confirmed in the defendants, A. J. Davis and Elizabeth S. Blacketor. And that all claims of the complainant, T. A. Cartee, be and the same are hereby cancelled, set aside and held for naught. And it is further ordered that the title of the defendants be confirmed as of November 10th, 1930." This decree was forwarded to and recorded by the clerk of the court below. On August 8th thereafter the chancellor rendered another decree in vacation, setting forth that "the matter having been taken under advisement at the May 1936 Term of the Chancery Court of Smith County and by agreement of all parties to be decided in Vacation." The decree then proceeds in more spe-

cific and elaborate terms to grant the appellees the relief granted in the former decree, and then charges the appellant with rent for the use of the property, against which it credits him with taxes paid by him thereon.

The appellant says that this second decree is void for the reason that the first decree was final and divested the chancellor and the court below of power to render another and different decree. Counsel for the appellees says that the rendition of this second decree came about in this wise: By request of counsel for the appellant the hearing of the cause was postponed by the chancellor from July 4th until July 11th, at which time counsel for the appellant failed to appear, but after the decree of that day was rendered did appear, explained his default satisfactorily to the chancellor, who then again set the case for argument on August 8th. The decree rendered on July 11th, however, had been mailed by the chancellor to the clerk of the court below and was recorded by him before he received a notice which the chancellor gave him not to do so. Counsel for both parties appeared before the chancellor on August 8th and argued the case, which resulted in a decree of that day being rendered.

Neither the decree rendered on August 8th, nor any other portion of the record, discloses that, after the rendition of the decree of July 11th, the chancellor attempted to recall it and set August 8th for the argument of the case. Whatever the effect of these facts would here be, if disclosed by the record, is not before us, therefore we cannot take cognizance thereof. In so far as the record discloses, the decree rendered on July 11th was final, and thereafter the court below was without power to change or modify it, except on a proper application therefor based on facts so permitting. It follows, therefore, that the second decree was a nullity. The first decree, however, remains in full force and ef-

fect. It does not charge the appellant with the payment of rent, and therefore the appellees are not entitled thereto.

On the former appeal we said that the appellee "Davis had the right to go into a court of equity and set up the transactions and either have the deed of trust foreclosed by a sale under its terms or by having the chancery court to direct a reconveyance so as to transfer title back to the original grantor," Davis. The reconveyance here referred to is that to be made by Kersh, or his grantee, Davis, and the deed of trust referred to is that given by Kersh to Davis to secure the payment of the purchase money due by him to Davis for the land. The first decree rendered by the court below neither directs the foreclosure of this deed of trust nor a reconveyance of the land to Davis or his coappellee, but simply confirms title to the land in the appellees. This same defect, if such it is, appears also in the second decree. Counsel for the appellant says that, instead of confirming title to the land in the appellees, the court should have either directed the proper parties to execute a deed to them therefor or appointed a special commissioner to execute such a deed, as provided by section 456, Code 1930. Whatever force there may be in this contention of the appellant, it cannot avail him here, for the decree specifically cancels his claimed interest and title to the land.

The decree of July 11, 1936, will be affirmed, but the decree of August 8th will be set aside and held for naught.

So ordered.