**THOMAS et al. v. MULLINS et al.**

No. 5001.

Court of Civil Appeals of Texas. Amarillo.

March 13, 1939.

Certiorari Denied March 27, 1939.

Rehearing Denied May 1, 1939.

**560**

Nelson & Brown and G. E. Lockhart, all of Lubbock, for appellants.

McWhorter & Howard, of Lubbock, for appellees.

STOKES, Justice.

This suit was filed by appellees, J. M. Mullins and his wife, Mrs. J. M. Mullins, against John Thomas and Ray Thomas, who are the appellants in this court, and H. L. White, H. G. Lawson and W. C. Brown. The petition alleged substantially that all of the parties mentioned, except Mrs. J. M. Mullins, were doing business as partners under the trade name of Texas Auction & Commission Company, located at Lubbock. It is alleged the plaintiff, J. M. Mullins, put $1,500 into the partnership account and that the other partners were to contribute the total sum of $4,500, the nature of the business being the purchase and sale of livestock.

It was alleged on behalf of Mrs. J. M. Mullins that she was not a member of the partnership but that she was a joint owner of an undivided one-fifth interest in the real estate owned and used by the partnership in conducting the business. The plaintiffs prayed for an accounting; for the appointment of a receiver to take charge of and conduct the business pending the litigation; for a restraining order against appellants, restraining them from collecting or receiving any of the debts or moneys due the partnership or from paying out any of the funds which, it was alleged, were in the hands of appellants. It was alleged that appellants were in complete charge and control of the accounts, moneys and books of the partnership.

Appellants answered by general demurrer and general denial and on the 19th of February, 1938, the petition was presented to the trial judge upon the application for a receiver. After a hearing on the application Dave Peters was appointed receiver, with power to take charge of the entire business, appellants being directed to turn over to the receiver all moneys on hand, together with the books and accounts. A temporary restraining order was issued against all of the parties to the suit, restraining them from interfering with the property or hindering or molesting the receiver pending the further orders of the court.

The record shows that on the 28th of February, 1938, plaintiffs and all of the defendants, together with one I. D. Walker as intervener, appeared and announced in open court they had mutually settled and compromised all of the differences between them in the manner and form as set out and stipulated in a contract that had been executed by them, and the court entered judgment thereon in which it was recited that all of the parties, together with I. D. Walker as intervener, appeared, and the court having inspected the contract, heard the statements of the attorneys with reference thereto, and, being of the opinion that same was fair and just to all the parties, the contract was entered as the judgment of the court. The judgment recites that the rights of the parties are determined as specified in the contract, and that such process, in the nature of execution, order of sale, writ of possession, injunction or other remedy as may be provided by law and which may be necessary and proper fully to effectuate the terms and conditions of the contract and to provide each of the parties with a remedy or remedies to which they are entitled for its enforcement, is in all respects decreed in favor of such party or parties until the contract and all of its terms and provisions are fully, ultimately and finally enforced in favor of each and all the parties. The court costs were adjudged against J. M. Mullins, H. L. White and H. G. Lawson, for which execution was ordered to issue.

The record shows that on the 17th of March, 1938, another judgment was entered in which it is stated that the cause came on to be heard upon its merits and all parties appeared by attorneys and announced ready for trial. This judgment proceeds to adjudge and decree to the parties respectively the relief to which they appear to be entitled under the contract signed by the parties to the suit and, in addition thereto, it is adjudged and decreed that W. C. Brown, I. D. Walker, J. M. Mullins, H. G. Lawson and H. L. White do have and recover of and from the defendants, John Thomas and Ray Thomas, the sum of $2,304.95, with six percent interest.

On the 19th of March, 1938, appellants, John and Ray Thomas, filed a motion for

a new trial which was overruled and they duly excepted, gave notice of appeal, and have perfected an appeal to this court.

■ The record is before us upon the transcript without a statement of facts and, appellants not having filed a brief, appellees have filed a motion to dismiss the appeal. Upon the filing of the motion by appellees, appellants, through counsel who was not connected with the case in the trial court, have filed a brief which they request us to consider in connection with, and as an answer to the motion to dismiss, and in which they suggest fundamental error in the judgment. Appellants not having filed a brief within the time provided by the rules, we are not required to go beyond a search for fundamental error, but we have considered the record and are of the opinion that fundamental error is apparent.

■ ■ As will be seen from the statement we have made, two separate and distinct judgments were entered at the same term of the court, one being entered on the 19th of February, 1938, and the other on the 17th of March, 1938. Both of these judgments appear to be final in their nature. The record does not reveal any order setting aside the first judgment, nor are the two in any way related. No motion to vacate or set aside the first judgment appears in the record, nor is any reason given why the case was brought to trial the second time and the second judgment entered. The two judgments stand out in the record as final and as having been rendered upon the appearance in court of all the parties to the suit.

The rule is well settled that the entry of a second judgment in the same case is not a vacation of the first judgment and, if there is nothing to show the first judgment was vacated or set aside, the second judgment is a nullity. Black on Judgments, Vol. 1, par. 304, p. 380; Kibby et al. v. Leon, Tex.Civ.App., 241 S.W. 1064; Cooksey v. Jordan et al., 104 Tex. 618, 143 S.W. 141; Cartee v. Blacketor et al., 179 Miss. 665, 176 So. 532.

Art. 2211, Vernon's Ann.Civ.St., provides that only one final judgment shall be rendered in any case except where it is otherwise specially provided by law. We know of no other statute that would permit the entry of more than one final judgment in a case of this kind. In the case of Kibby et al. v. Leon, supra, the brief presented a proposition of law to the effect that the

court having already entered an agreed final judgment disposing of all of the issues in the cause and discharging the receiver, the cause was no longer a pending suit and the court had no power to enter an additional judgment. Other propositions followed and, in disposing of the case, Justice Pleasants, speaking for the Galveston Court of Civil Appeals, said [241 S.W. 1067]: "Each of these propositions must be sustained and each presents a valid reason for holding the judgment unauthorized and void. The propositions are so elementary that their discussion and the citation of authorities are unnecessary."

We think it cannot be questioned that the second judgment entered by the court on the 17th of March, 1938, is a nullity. A final judgment having been entered on the 28th of February, 1938, and no motion to set it aside, vacate it or grant a new trial having been filed, and the court having entered no order to that effect, there was no case pending before the court when the second judgment was rendered on the 17th of March following. The court was, therefore, without authority, under the circumstances shown by the record, to enter another final judgment.

■ The next question that presents itself is the status of the first judgment. To be sure, the entry of the second judgment did not in any manner affect the first one and if the first one properly disposes of the issues and parties before the court and its entry is free from fundamental error, we are not authorized to disturb it. In our opinion, however, it will not stand that test. In their petition, plaintiffs prayed for a restraining order against appellants, restraining them from receiving any of the debts due the partnership or paying out any funds belonging to it and from mixing or intermingling the partnership funds with their own and from disposing of any interest in the real estate or personal property belonging to the partnership. The judgment grants the issuance of such process in the nature of execution, order of sale, writ of possession, "injunction or other remedy as may be provided by law", fully to effectuate the terms and conditions of the contract which is attached to and made a part of the judgment. The contract makes no provision for a restraining order or injunctive relief of any kind. Thus it will be seen that appellants are placed under injunctive restraint, the nature of which is in no

manner recited or specified in the judgment. The provision concerning injunctive relief apparently attempts to place the writ of injunction in the same category as an execution, order of sale and writ of possession. It is true that an execution will issue upon a judgment that does not specifically provide for its issuance, but injunctive relief should be specific and inform the defendant of the nature of restraint placed upon him. The judgment should be so clear that the defendant would know how to observe it and the conditions under which he would be violating it. Such injunctive relief as is provided by the judgment in the instant case is too general to meet the requirements of the law with reference to injunctive relief, yet it is sufficient to place appellants in a state of uncertainty and constant fear that by some act they may precipitate themselves into a situation in which they may at any time be called before the court upon proceedings for contempt. Fort Worth Acid Works et al. v. City of Fort Worth, Tex.Civ.App., 248 S.W. 822, 824.

 The record reveals another cogent reason why the judgment ought not to stand. The plaintiffs, J. M. Mullins and his wife, brought the suit against appellants and W. C. Brown, H. G. Lawson and H. L. White. The judgment recites that I. D. Walker appeared as intervener and proceeds to decree to him, along with the other defendants, certain sums to which they are entitled under the provisions of the contract of settlement. The record does not reveal any plea of intervention by I. D. Walker, nor any pleading or order of the court authorizing him to enter the litigation as an intervener or otherwise. He was a party to the contract of settlement and the contract states that he had intervened in the suit. The judgment also refers to him as intervener; but these recitations are not sufficient, in the absence of some sort of pleading, to authorize him to become a party to the suit. It is elementary that a judgment cannot be rendered, either in favor of or against a person who is not a party to the suit. A judgment not supported by the pleadings in the case is fundamentally erroneous. State Mortgage Corp. v. Traylor, 120 Tex. 148, 36 S.W.2d 440; Levy v. Roper, 113 Tex. 356, 256 S.W. 251. Any judgment rendered by a court must have support in the pleadings. It was said by Justice Stayton, speaking for our Supreme Court in the case of Dunlap et al. v. Southerlin et al., 63 Tex. 38: "Courts have no more power, until their action is called into exercise by some kind of pleading, to render a judgment in favor of any person than they have to render judgment against a person until he has been brought within the jurisdiction of the court in some method recognized by law as sufficient."

In the case before us, I. D. Walker was granted certain relief and the plaintiffs in the case were granted certain relief against him. As far as the record shows he was a stranger to the entire proceeding. He filed no petition or plea of any sort in which he asked for relief, nor did any of the other parties to the suit allege any cause of action against him.

The provisions of the judgment granting relief to I. D. Walker and granting certain other parties to the suit relief against him, being without support in the pleadings, is fundamentally erroneous. Furthermore, these provisions being so intermingled with the relief granted to the other parties to the suit as to make it impossible to isolate the relief granted to him from that granted to the other parties to the suit, the entire judgment is rendered uncertain and incapable of being enforced.

Appellees' motion to dismiss the appeal will be overruled and, for the errors discussed, the judgment of the court below will be reversed and the cause remanded.

### On Motion for Certiorari.

 Since the opinion was handed down in this cause appellees have filed an application for a writ of certiorari in which they allege that I. D. Walker intervened by proper pleading and was properly before the court as an intervener when the case was tried. They allege that before the transcript in the case was prepared some of the pleadings, including the plea of intervention of I. D. Walker and the answer of W. C. Brown, had been removed from the clerk's office and were not available. They alleged that diligent search was made for these pleadings when the transcript was prepared, but they were not found until after the opinion was handed down by this court. They attach copies of the pleadings and request this court now to grant a writ of certiorari, permitting the pleadings at this time to be made a part of the transcript.

Rule No. 22 governing the Courts of Civil Appeals provides substantially that

the correction of omissions or inaccuracies in the transcript will not be permitted after the case has been submitted. The application for certiorari, therefore, comes too late and cannot be granted.

If we had discretion to grant the application and same should be granted, it could not change the disposition we have made of the case because the other errors pointed out in the opinion are of such nature that the same disposition would have to be made after the transcript was corrected as has already been made of it.

The application is, therefore, overruled.