Wood *v.* Johnson, et al.

No. 40963          January 12, 1959          108 So. 2d 202

*Wm. Harold Cox*, Jackson; *Ray, Spivey & Cain*, Canton, for appellant.

*Barnett, Jones & Montgomery,* Jackson, for appellees.

GILLESPIE, J.

Mrs. Hazel J. Wood, complainant-appellant, filed her bill in chancery against her father and mother, Mr. and Mrs. Johnson, defendants-appellees, to restore and establish a deed and to quiet and confirm title to the land therein described. Defendants-appellees answered and filed a cross bill seeking to cancel the deed on grounds of undue influence and alleging that the deed had been voluntarily returned to the grantors, who destroyed it, and seeking to cancel the deed as a cloud on their title as against Mrs. Wood. The answer to the cross bill alleged that the surrender of the deed to the grantors was under duress.

The chancellor found for appellees and cancelled the deed and all claims of appellant to the property.

The appellees, an aged couple, owned and lived in a home on 37 acres of land in Madison County. Their daughter, the appellant, a childless widow, lived with them. On December 7, 1947, appellees executed and delivered to appellant a deed conveying the 37 acres of land reserving unto themselves a life estate. The consideration for the deed was love and affection. Appellant put the deed in a bank lock-box and never recorded it. About eight months later, another daughter of appellees learned

about the deed and read a copy that had been retained in the files of the lawyer who prepared it. This other daughter and appellee, Mrs. Johnson, then went to appellant, and the sister said to appellant, ''You are going to hand Mama back the deed because you have endangered their future, their livelihood by signing this. . . . Unless you do, we are going to court in Canton, Mississippi, to get this straightened out. . . .'' Appellant then stated: ''Why, Mama, I will give you the paper back if you want it. You gave it to me and I will give it back to you.'' Appellant then went to the bank and took the deed from her lockbox and handed it to her mother, the appellee, Mrs. Johnson, who destroyed it a short time later.

For about ten years thereafter, appellees lived in the house on said lands most of the time and appellant lived there part of the time. Appellant says that she at all times claimed the land subject to the life estate of appellees, but this claim was not communicated to the appellees. Sometime before this lawsuit was filed, appellees moved to Jackson because of the failing health of Mr. Johnson. Appellees needed to be nearer a doctor, and they made a down payment on a residence in the City of Jackson and placed the Madison County place, which is the subject of this suit, on the market for sale. A buyer was found who was willing to pay $21,500 for the Madison County home situated on the 37 acres of land. Appellant learned of this and notified the title insurance company, who was about to insure the title for the purchaser, that she held an unrecorded deed to the property. She thereby blocked the sale and filed this lawsuit. These are the facts which we deem material to the decision.

The chancellor found that the deed from appellees to appellant was signed, acknowledged, and delivered to appellant on December 7, 1946, and that said deed was not obtained by duress or fraud. He also found that appellant deliveded said unrecorded deed back to appellee, Mrs.

Johnson, in August, 1947, upon the demand of appellant's sister that appellant reconvey the property to appellees, and that said delivery was not made under duress or compulsion, but was appellant's voluntary act. The chancellor then stated in his opinion that since appellant did not bring her action to restore and establish her deed within ten years from August, 1947, her right of action was barred under Section 746, Mississippi Code of 1942.

■■■ We rest our decision on the specific findings of fact made by the chancellor that appellant voluntarily surrendered the deed to one of the appellees, Mrs. Johnson, in response to a demand made by appellant's sister that appellant reconvey the land to appellees. The sister told appellant that if she did not then reconvey the land the matter would be taken to court. The intent on the part of appellant is conclusive that she complied with the demand by returning the deed to Mrs. Johnson in satisfaction of the demand to reconvey, and from the facts specifically found by the chancellor, it follows that the understanding of the parties at the time was that the re-delivery of the deed by appellant was to effect a re-conveyance of the land. The parties acted in accordance therewith. No suit was filed for the cancellation of the deed.

The rule has generally been adhered to in this jurisdiction that where a deed has once been signed and delivered, a subsequent surrender and destruction of it does not divest the grantee of title to the land. Burton v. Wells, 30 Miss. 688; McDaniel v. Johns, 45 Miss. 632; Partee, Administratrix v. Mathews, 53 Miss. 140; Lisloff v. Hart, 25 Miss. 245; McAllister v. Mitchner, 68 Miss. 672; 9 So. 829. But notwithstanding the validity of the rule just stated, there are circumstances where the surrender of a deed by the grantee to the grantor vests in the grantor an equitable title in the land which is enforceable against all persons having notice. The legal title remains in the grantee. This equitable modifica-

tion of the rule first stated was recognized and applied by this Court in Blacketor v. Cartee, 172 Miss. 889, 161 So. 696. In that case it was held that a surrender of an unrecorded deed by the grantee to the grantor in satisfaction of a debt for the purchase money operated to vest in the grantor an equity in the land enforceable against persons having notice of such equity. While that case was here on demurrer, the Court recognized that if the facts alleged in the pleading be established on trial, the grantor would be entitled to a decree for a reconveyance "so as to transfer title back to the original grantor." As revealed by the second appearance of that case to this Court, Cartee v. Blacketor, et al., 179 Miss. 665, 176 So. 532, the claim of Cartee, derived from the chain of title beginning with the unrecorded deed which was surrendered by the grantee, as to which fact Cartee had notice, was cancelled. There is ample authority from other jurisdictions to the same effect. 26 C. J. S., Deeds, Sec. 175; 16 Am. Jur., Deeds, Secs. 356, 357.

The deed to appellant was without any consideration except love and affection; it was never recorded. Demand was made that appellant reconvey to grantors the property, otherwise a suit would immediately be filed against appellant; and in response to this demand appellant voluntarily surrendered the deed to one of the grantors, Mrs. Johnson. The situation of the parties was such that the inference is conclusive that at the time of the surrender of the deed back to Mrs. Johnson, appellant intended that Mrs. Johnson and appellant's sister consider the act of surrendering the deed as a relinquishment of appellant's claim under the deed. Just before surrender of the deed by appellant, she told her mother, ". . . I will give it back to you." We hold that the surrender of the deed reinvested in the grantors an equitable title in the lands described in the deed, and, since there are no rights of third parties intervening,

appellees were entitled under their cross-bill to a decree for a reconveyance of the legal title or a decree confirming title in them as against appellant.

We need not consider whether Section 746, Mississippi Code of 1942, has any application to this case.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.