In re Byron Eugene MILLER, Relator.

No. 20084.

Court of Civil Appeals of Texas,
Dallas.

July 11, 1979.

James F. Newth, Dallas, for appellant.

Scott A. Shearer, Dallas, for appellee.

Before AKIN, ROBERTSON and HUM-
PHREYS, JJ.

AKIN, Justice.

On this writ of habeas corpus our ques-
tion is whether a judge may commit a fa-
ther to jail for lateness in making a month-
ly child support payment, where the peti-
tioner's motion for contempt alleges that
the relator has not yet made his monthly
payment. We hold that the judge cannot
hold relator in contempt and commit him to
jail in such a situation because the motion
fails to comport with due process insofar as
notice is concerned. Accordingly, the order
is void, the writ is granted, and the relator
is discharged.

The judgment of divorce required a pay-
ment of $150 per month on the first day of
each month. Since the divorce judgment
was rendered on August 8, 1978, the first
payment was due on September 1, 1978.
On September 15, 1978, the petitioner filed
her motion for contempt, alleging "Al-
though he has had an opportunity to do so,
Byron Eugene Miller *has yet to pay child
support for the month* of September 1978."
[Emphasis added] On September 22, 1978,
the relator paid the child support payment
due on September 1, 1978. Nevertheless, at
a hearing on the motion on May 31, 1979,
the judge committed relator to jail for five
days for failing "to timely pay his Septem-
ber 1, 1978, child support payment."

Relator argues that he has been denied
due process of law because the motion for
contempt merely notified him that he may
be adjudged in contempt if he failed to pay
the September 1978 child support payment.
In this respect, he contends that the show
cause order served upon him did not inform
him that he may be held in contempt for
failing to pay the child support payment
due September 1, 1978, on or before that
date. He asserts that this is particularly
true here because he paid the September
1978 payment seven days after the motion

was filed. Thus, he claims that he was not prepared to show cause why he had not paid on September 1, 1978.

We agree with relator that he was denied due process. Since constructive contempt proceedings may result in incarceration, they should conform as nearly as practical to criminal proceedings. *Ex Parte White,* 149 Tex. 155, 229 S.W.2d 1002, 1004 (1950). Indeed, constructive contempt proceedings have been referred to as "quasi-criminal in nature" because they may result in a deprivation of liberty. Due process of law requires that the relator be given notice of the specific act or omission with which he is charged before a court can punish for contempt not committed in its presence. *Ex Parte Edgerly,* 441 S.W.2d 514, 516 (Tex.1969). *Ex Parte Stanford,* 557 S.W.2d 346, 348 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

Since the motion for contempt merely asserts that relator has yet to pay the September 1978 child support payment, the motion does not inform relator that the real complaint is that he did not make the September payment on time. Consequently, he was not given adequate notice of the specific complaint that resulted in his incarceration. If the petitioner had specifically set forth in her motion for contempt that the contemner had failed to "timely pay the September 1, 1978 child support payment", then no question of due process would be presented; however, this is not the situation here. Since the relator was not afforded due process, the order holding him in contempt and confining him to jail is void. Accordingly, relator is discharged.