**Ex parte David Wayne JACKMAN,
Relator.**

No. 05–83–00969–CV.

Court of Appeals of Texas,
Dallas.

Nov. 23, 1983.

Frank Shor, Dallas, for appellant.

Paul T. Fanning, Donald R. Smith, Dallas, for appellee.

Before AKIN, VANCE and ALLEN, JJ.

VANCE, Justice.

This is an original proceeding for writ of habeas corpus seeking the release of relator, David Wayne Jackman, who has been adjudged in contempt of court, for violation of the terms of a permanent injunction issued

pursuant to a divorce decree. The court found relator in contempt on seventeen separate and distinct counts and assessed punishment separately for each violation. The relator seeks relief based on several grounds. For the reasons explained below, all are overruled. Accordingly, the petition for writ of habeas corpus is hereby denied.

On June 20, 1983, the trial court rendered and signed a final decree of divorce containing provisions for division of property and conservatorship of the parties' children, as well as providing for a permanent injunction. Neither the relator nor his attorney was present despite actual notification of the hearing date. The injunction, in relevant part, stated:

> The Court finds that KATHY LEE JACKMAN, Petitioner, is entitled to the following permanent injunction for the preservation of her property and the protection of her person and the children of the marriage.
>
> IT IS THEREFORE DECREED that DAVID WAYNE JACKMAN, Respondent, be, and is hereby perpetually enjoined and restrained from doing or causing to be done, directly or indirectly, any of the following acts:
>
> (1) Intentionally communicating with Petitioner or the children by telephone, in writing, or in any other manner for any reason whatsoever.
>
> (2) Intentionally, knowingly, or recklessly causing physical contact and bodily injury to Petitioner or the children or intentionally or knowingly threatening Petitioner or the children with imminent bodily injury.
>
> (3) Occupying, entering, or remaining on the premises of the residence of Petitioner and the children for any reason whatsoever.
>
> (4) Entering or going about the premises of any place of employment of Petitioner.
>
> (5) Entering or going about the premises of any school, daycare facility, babysitter, or any other place where the children may be.
>
> (6) Interfering in any manner with Petitioner's exclusive possession of the children.

On August 2, 1983, movant, Kathy Lee Jackman, filed her first amended motion for contempt charging relator, David Wayne Jackman, with twenty-one separate violations of the permanent injunction. On the same day, the district court signed the show cause order. Trial was held on August 11, 1983, at which hearing the trial court made separate findings of contempt on seventeen distinct acts and assessed punishment for each act at 180 days, to run concurrently. Relator now brings this petition for writ of habeas corpus.

Relator's primary contention is that the contempt order is void due to insufficient notice to relator. Relator argues that since the contempt proceeding is similar to a criminal proceeding the rules of criminal procedure should govern contempt proceedings. Therefore, relator argues, the motion for contempt filed by movant, since it is technically the charging document, similar to an indictment, must allege a culpable mental state with which relator was to have performed the prohibited acts. Relator claims that the motion does not sufficiently allege such a culpable mental state and is, therefore, insufficient to give relator notice of the prohibited conduct. In support of this contention, relator cites *In re Miller*, 584 S.W.2d 907 (Tex.Civ.App.—Dallas 1979, no writ), in which we stated "[s]ince constructive contempt proceedings may result in incarceration, they should conform *as nearly as practical* to criminal proceedings." *Id.* at 908 (emphasis added). Relator contends, therefore, that a document charging a person with contempt should be governed by the same rules that apply to an indictment in a criminal proceeding. Since the injunction stated relator must not *knowingly, intentionally, or recklessly* perform the prohibited acts, the motion for contempt should include these terms in order to adequately allege the required culpable mental state. However, the document only stated that relator *willfully* and *contumaciously* performed the prohibited acts, and relator claims this does not provide adequate notice

and therefore violates due process. We do not agree.

■ Contempt proceedings are generally referred to as quasi-criminal in nature, due to the fact that they may result in a deprivation of liberty. *Miller,* 584 S.W.2d at 908. However, contempt proceedings are not criminal within all the rules and definitions of criminal law. They are of a criminal nature because they are not properly civil proceedings and because they concern punishment for unauthorized acts. Therefore, contempt proceedings are not governed entirely by the same rules as are applied by the Texas Penal Code and Code of Criminal Procedure to criminal proceedings. The Texas Supreme Court has noted that contempt proceedings are *somewhat* criminal in nature. *Ex parte Genecov,* 143 Tex. 476, 480, 186 S.W.2d 225, 227 (1945). This court in *In re Miller* stated only that the rules of criminal procedure should be applied *"as nearly as practical,"* not that *all* the rules should *always* be applied to contempt proceedings. *Miller,* 584 S.W.2d at 908. It is not necessary that the procedures in a contempt proceeding strictly conform to the rules of criminal procedure. Rather, the proper standard to apply in contempt proceedings is the standard of due process, which requires that the contemnor be accorded notice and a fair hearing. *Ex parte Gnesoulis,* 525 S.W.2d 205, 210 (Tex.Civ. App.—Houston [14th Dist.] 1975, no writ).

■ Based on due process standards, we cannot say that relator was denied adequate notice by the language in the motion for contempt charging relator with *willfully* and *contumaciously* disobeying the permanent injunction. This language provided sufficient notice to relator of the conduct for which he was charged as well as the culpable mental state with which he was to have performed the prohibited acts. We cannot see how relator was denied due process and, therefore, reject this contention.

■ The relator further alleged that he lacked adequate notice due to the fact that neither he nor his attorney was present when the court issued the permanent injunction. This argument fails, however, because movant's attorney notified relator of the contents of the order the same day it was issued. The rules of civil procedure require only that the parties receive *actual notice* of the order by personal service or *otherwise.* TEX.R.CIV.P. 683. Relator never contended that he did not receive oral notification of the terms of the injunction, but only that the notice received was insufficient to satisfy rule 683. We find no authority to support relator's position.

■ Relator next argues a lack of sufficient notice due to vagueness in portions of the injunction. Specifically, relator contends that the term "imminent," found in the portion of the injunction prohibiting relator from threatening movant or the couple's children with *imminent* bodily injury is too imprecise to apprise relator of what his duties and obligations are under the order. We find no merit in this allegation, because the term "imminent" is not vague.

Relator also challenges the portion of the decree which *perpetually* enjoins relator from engaging in specified conduct with respect to the children. Relator contends that since the court is making an order with respect to the children which extends beyond their minority, the court exceeded its jurisdiction and, therefore, the order is void. Furthermore, relator contends that a perpetual injunction with respect to the children creates an ambiguity which deprives relator of sufficient notice of his duties and obligations under the order. We disagree.

■ An injunction, although it must be broad enough to cover the prohibited conduct, must not be drafted so broadly as to prohibit the enjoyment of lawful rights, or to operate perpetually against acts that in the future may become lawful. *See Winslow v. Duval County Ranch Co.,* 519 S.W.2d 217 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.); *Kibby v. Leon,* 241 S.W. 1064 (Tex.Civ.App.—Galveston 1922, no writ). However, the decree is not rendered void due to the fact that it is overly broad and must still be obeyed. *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83 (1941).

Therefore, although the perpetual injunction in the present case may have been overly broad as concerning the children, the decree was not rendered void and relator still had a duty to obey the decree. His disobedience was therefore properly punishable by contempt.

■ Furthermore, relator's contention that the order is void due to the ambiguity created by the court's *perpetual* injunction as to the children is without merit. Until the oldest child reaches eighteen years of age, there is no ambiguity. *See Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967); *Ex parte McManus*, 589 S.W.2d 790, 793 (Tex.Civ.App.—Dallas 1979, no writ). Since neither of the parties' children has yet attained eighteen years of age, the decree, when read as a whole, is not ambiguous, but rather clear and specific. While a decree, to be enforceable through contempt proceedings, must delineate the requirements for compliance in clear, specific, and unambiguous terms, it need not be full of superfluous terms and specifications adequate to counter any flight of fancy a contemnor may imagine in order to declare it vague. *McManus*, 589 S.W.2d at 793. Therefore, we hold that the decree is sufficiently specific to apprise relator of his duties and obligations.

Relator's final contention is that the divorce decree of June 20, 1983, containing the permanent injunction is not final and, therefore, is not enforceable by contempt in the trial court. Relator argues that since he had filed a motion for new trial on June 23, 1983, the judgment cannot become final until at least September 1, 1983, 74 days after the signing of the judgment. Therefore, if the decree does become final, it will only do so subsequent to the signing of the contempt order. Relator contends that a final judgment is not enforceable by contempt until it has become final by the overruling, or granting, of a motion for new trial. Accordingly, relator alleges that the contempt order is void, and his petition for writ of habeas corpus must be granted. We do not agree.

■ Relator relies on *Ex parte Valdez*, 521 S.W.2d 724 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ), to support his position. This reliance is misplaced, however, since *Valdez* concerned a final divorce decree regarding property division while the instant case concerns a permanent injunction issued pursuant to a final divorce decree. An injunction which is not void *must* be obeyed while it remains in effect and has not been overturned. *Ex parte Kimberlin*, 126 Tex. 60, 86 S.W.2d 717 (1935). The injunction must be obeyed irrespective of the ultimate validity of the order, and a defendant cannot avoid compliance with the commands, or excuse his violation, of the injunction by simply moving to dissolve it or by the pendency of a motion to modify it. *See* TEX.R.CIV.P. 692.

■ Therefore, the fact that a motion for new trial is pending does not suspend the operation of the decree as far as liability for contempt for violation of the decree. The violation of an injunction is punishable as a contempt of court and the power to punish is inherent in the court and incident to its power to grant injunctions. *General Southwestern Corp. v. State*, 333 S.W.2d 164, 174 (Tex.Civ.App.—Houston 1960, writ ref'd n.r.e.). Moreover, the power to punish a violation of an injunction vests in the court which granted the injunction until an appeal is perfected from the order granting the injunction, at which time jurisdiction to punish for disobedience of the injunction vests with the appellate court. *Ex parte Boniface*, 650 S.W.2d 776 (Tex.1983); *Ex parte Travis*, 123 Tex. 480, 73 S.W.2d 487 (1934). In this case relator had not yet perfected an appeal of the injunction at the time of the entering of the contempt order, and, therefore, the district court had the power to punish relator for contempt of court for disobeying the injunction.

Relator's application for writ of habeas corpus is denied and he is ordered remanded to the custody of the Sheriff of Dallas County, Texas.