Opinion filed December 16,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00360-CV

                                                    __________

 

                                         IN
RE JAIME MORENO



 

                                                
Original Habeas Corpus Proceeding 

 



 

O P I N I O N

 

This
is an original habeas corpus proceeding.  The trial court held Jaime Moreno in
contempt for failing to comply with its order appointing Delfa Rodriguez temporary
guardian of the person and estate of Josefina Moreno and ordered him held in
jail for fifteen days.  Jaime filed a petition for writ of habeas corpus with
this court.  We set a bond and have now considered his petition.  Because the
trial court found Jaime in contempt without providing due process, we grant the
writ.

I.  Background
Facts

Delfa
Rodriguez, Josefina’s daughter, filed an application for the appointment of a
temporary guardian of the person and estate of Josefina.  The trial court held
an evidentiary hearing on November 23 and appointed Delfa temporary guardian. 
Josefina had been living with her sons, Jaime and Juan Moreno.  The trial court
orally instructed the parties to accomplish the change of residence that day
and suggested that it be done by 6:00 p.m.  The trial court then instructed
Jaime and Juan:

That
means, Brothers, that I don’t want any objections.  I don’t want any fights.  I
don’t want any loud language.  I don’t want any threats.  I don’t want the
police to have to come.

 

Ms.
or Mrs. Delfa Rodriguez will go to your home and pick up the mother and the
items that she needs with regard to medicines and necessities and transport
them to her home where she will be kept.

 

The trial court
signed a written order that same day.  Delfa was named temporary guardian
beginning at 6:00 p.m. on November 23.  Our record indicates that Delfa was
unable to pick Josefina up but not why.  The trial court held a second hearing
on November 30.  The court did not allow any testimony but reminded Jaime of
its order requiring the exchange of custody and expressed its displeasure with
him for not complying with this order.  The trial court then sentenced Jaime to
fifteen days confinement.

II. 
Issues

Jaime
challenges his confinement with a single issue, contending that the trial court
abused its discretion by sentencing him to fifteen days confinement because it
did so without providing him notice and an evidentiary hearing.

III. 
Discussion

Contempt
of court is disobedience to or disrespect of a court by an action in opposition
to its authority.  Ex parte Chambers, 898 S.W.2d 257, 259 (Tex. 1995). 
Actions constituting contempt of court can be divided into two categories:
direct and constructive.  Direct contempt involves disobedience or disrespect that
occurs within the presence of the court.  Constructive contempt occurs outside
the court’s presence.  Id.  The distinction between direct and
constructive contempt is important because it determines the procedural
protections that must be afforded.  In re Acceptance Ins. Co., 33 S.W.3d
443, 449 (Tex. App.—Fort Worth 2000, orig. proceeding).

Jaime
faced constructive contempt charges.  He was, therefore, entitled to full and
complete notification of the subject matter and the when, how, and by what
means he was guilty of the alleged contempt.  Ex parte Edgerly, 441
S.W.2d 514, 516 (Tex. 1969); see also Ex parte Brister, 801 S.W.2d 833,
835 (Tex. 1990) (Cook, J., concurring) (amongst the due process rights accorded
an alleged contemnor is the right to reasonable notice of each alleged
contumacious act).  Jaime’s right to notice flows from his rights to due
process.  Ex parte Jackman, 663 S.W.2d 520, 523 (Tex. App.—Dallas 1983,
orig. proceeding).

The
question is not the clarity of the court’s underlying order or Jaime’s
obligation.  The trial court’s written order named Delfa temporary guardian
effective as of 6:00 p.m. the day of the hearing.  And the court unambiguously
instructed the parties that it wanted the change in custody to occur without
incident.  The question is whether the court provided sufficient notice before
finding Jaime in contempt and sentencing him to jail.  

The
notice must conform to any relevant procedural requirements and be actually
delivered to the alleged contemnor in a timely fashion.  In re Acceptance
Ins., 33 S.W.3d at 449.  Notice given to the attorney is inadequate; the notice
must be served personally on the contemnor.  Ex parte Herring, 438
S.W.2d 801, 803 (Tex. 1969).  The notice must ordinarily be in writing.  See
Ex parte Vetterick, 744 S.W.2d 598, 599 (Tex. 1988) (notice should be by
show cause order or other equivalent legal process personally served on the
alleged contemnor).  Notice must also be given a reasonable time before
the hearing.  Hayes v. Hayes, 920 S.W.2d 344, 346-47 (Tex.
App.—Texarkana 1996, writ denied).

The
trial court did not provide Jaime with written notice that it intended to
consider whether he should be held in contempt for violating the November 23
order.  Jaime’s issue is, therefore, sustained.  Because the trial court has
the authority to reconsider this matter, we find it appropriate to discuss the
other due process issues that could arise.

Contempt
punishment can be divided into criminal and civil.  Civil contempt is coercive,
and the contemnor may obtain his release by complying with the court’s order.  In
re Houston, 92 S.W.3d 870, 876 n.2 (Tex. App.—Houston [14th Dist.] 2002,
orig. proceeding).  In criminal contempt proceedings, the court punishes the
contemnor for improper actions and no subsequent voluntary compliance can avoid
punishment for past acts.  Ex parte Busby, 921 S.W.2d 389, 391 (Tex.
App.—Austin 1996, orig. proceeding).  Jaime had no opportunity to purge himself
of his contempt.  Consequently, he faced criminal contempt.

Criminal
contempt proceedings require additional due process protections.  See Int’l
Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 (1994)
(criminal penalties may not be imposed on someone who has not been afforded the
protections that the constitution requires of such criminal proceedings).  The
required constitutional protections depend on whether the criminal contempt is
“serious” or not.  Serious criminal contempt involves imprisonment for more
than six months.  See Taylor v. Hayes, 418 U.S. 488, 495 (1974) (party
facing serious criminal contempt charges has a right to a jury trial).  However,
even for non-serious criminal contempt proceedings, courts have held that
parties are entitled to advance notice of their potential punishment.  See
In re Smith, 981 S.W.2d 909, 911 (Tex. App.—Houston [1st Dist.] 1998, no
pet.).  If the trial court reconsiders this matter, Jaime is entitled to be
personally served with not only notice of his alleged contempt of court but
also of his potential punishment.

Finally,
because due process requires not only notice, but an opportunity to be heard,
Jaime is also entitled to present a defense to the alleged contempt.  Ex
parte Jackman, 663 S.W.2d at 523 (due process requires notice and an
opportunity to defend).

IV. 
Conclusion

The
petition for writ of habeas corpus is granted.  We order Jaime Moreno discharged
and his bond released.

                                                                              

            

RICK STRANGE

                                                                                    JUSTICE

 

December 16,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.