**Jerrell SHIPP and Rebecca Shipp, Appellants,**

**v.**

**Paul B. STOKER and Janet C. Stoker, Appellees.**

No. 06–95–00073–CV.

Court of Appeals of Texas, Texarkana.

Argued April 23, 1996.

Decided May 2, 1996.

Rehearing Overruled June 4, 1996.

Don Cooksey, Kaylin D. Kluge, Law Office of Don Cooksey, Texarkana, for appellants.

Paul L. Dickerson, Texarkana, Shannon Tuckett, Lavender, Rochelle & Barnette, Texarkana, AR, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Jerrell and Rebecca Shipp appeal the trial court's order granting a permanent easement across a tract of land in Bowie County to Paul and Janet Stoker. We find no error and affirm.

In 1993, the Stokers purchased a parcel of land adjacent to land owned by the Shipps. After the purchase, the Stokers accessed their land via an unpaved lane, which begins at F.M. Road 44 and proceeds along the side of the Shipps' property until it reaches the Stoker lot. The Shipps objected to the Stokers' use of the lane and sought to deny them access to it. The Stokers then filed this suit,

seeking title to the strip of land encompassing the lane or, alternatively, an easement to allow them to access their property via the lane. The Shipps counterclaimed, seeking title to the lane by virtue of adverse possession.

In the 1930s, A.H. Richardson owned the Stoker plot, and O.J. Granbury owned the Shipp plot. By the time of trial, Richardson and Granbury were deceased. Their sons were present at trial, however, and they testified that in the 1930s, their fathers agreed to swap roughly equal portions of their land. Both sons testified that in the swap, Granbury agreed to give Richardson the land now comprising the lane so that Richardson could have better access to his property and, in turn, Richardson agreed to give Granbury a parcel of property adjoining land then held by Granbury to facilitate Granbury's building of a house. The agreement was never written or recorded.

The testimony further indicated that the lane was used until 1993 to access the Richardson property by the Richardsons and their children, as well as by tenants who leased the land from the Richardsons in order to graze cattle. The Shipps purchased their plot in 1982 from one of the Granbury children. The testimony indicated that from the time of the Shipps' purchase until the time of the Stokers' purchase, the Richardsons and their lessees continued to use the lane to access the Richardson property, but that this use was infrequent because no one lived in the Richardson house during this period. Only after the Stokers purchased the Richardson land and began to access it frequently did the Shipps object to the use of the lane. The Shipps normally access their house by another driveway on their property, but they use the lane at the times they need to drive behind the house.

The evidence indicated that the land encompassing the lane does not appear in the recitals in either the Stokers' or the Shipps' deeds or in the deed of the· Granbury heir who now owns the lot abutting the other side of the lane. It is therefore unclear who has legal title to the land on which the lane sits. While the instant litigation was pending, both parties obtained various quitclaim deeds from numerous possible heirs of the land encompassing the lane, including both Richardson and Granbury heirs.

The trial court ruled that the Shipps did not obtain title to the lane by adverse possession. The court then granted both the Shipps and the Stokers an easement interest in the lane and established various responsibilities and restrictions pertaining to the maintenance and improvement of the lane. The Shipps now appeal only the court's granting of the easement to the Stokers.

■■■ The Shipps contend that the evidence was insufficient to support the granting of an easement by estoppel. An easement may not usually be created by parol agreement. *Miller v. Babb*, 263 S.W. 253, 254 (Tex.1924). The doctrine of easement by estoppel may be invoked, however, as an exception to statutes requiring that the conveyance of an interest in land be in writing. *Storms v. Tuck*, 579 S.W.2d 447, 451 (Tex. 1979). Three elements are necessary to the creation of an easement by estoppel: (1) a representation made to the promisee; (2) the promisee's belief in that promise; and (3) the promisee's reliance on the promise. *Id.* at 452. These elements apply at the time the promise creating the alleged easement was made. *See McAshan v. River Oaks Country Club*, 646 S.W.2d 516, 519–20 (Tex.App.— Houston [1st Dist.] 1982, writ ref'd n.r.e.). An easement by estoppel based on a parol agreement may be binding on subsequent owners ʼof the servient estate if improvements have been made to the dominant estate in reliance upon the existence of the easement. *F.J. Harrison & Co. v. Boring & Kennard*, 44 Tex. 255 (1875); *see also Luckey v. Deatsman*, 217 Or. 628, 343 P.2d 723 (1959); Kirk Kuykendall, Note, 13 *Baylor L.Rev.* 180 (1961).

■■■ These principles of law are not precisely applicable to the instant case because it was proven at trial, and is now conceded on appeal, that the Shipps do not hold title to the land encompassing the lane. This fact by itself deprives the Shipps' argument of any merit it might have had were the lane actually on their property. Furthermore, even if the Shipps' land did include the lane, we

would still hold that the land was subject to a valid easement by estoppel at the time of the Shipps' purchase. Children of both original owners of the properties at issue testified that their fathers agreed to allow use of the lane by Richardson in exchange for the grant of certain property to Granbury. No evidence contradicted this account. In reliance upon this agreement, Richardson made improvements both to his property and to the lane itself. On these facts, the court did not err in concluding that an easement by estoppel had been created.

 The Shipps contend that the court erred in ruling that the easement would extend to the Stokers' heirs, invitees, and assigns. When an easement extends to a landowner's successors in interest, the easement is said to be appurtenant. *McDaniel v. Calvert,* 875 S.W.2d 482, 484 (Tex.App.—Fort Worth 1994, no writ). An easement appurtenant attaches to the land and passes with it, while an easement in gross is personal and attaches only to the grantee. *Id.* An easement is appurtenant when it is necessary and essential to the enjoyment of the dominant estate. *Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196, 207 (Tex.1962). An easement is never presumed to be in gross when it can be fairly construed to be appurtenant. *McDaniel,* 875 S.W.2d at 484. By granting the easement to the parties' successors in interest, the court in this case granted an easement appurtenant. Because the easement is necessary to access the Stokers' land, the Shipps have shown no error in the trial court's ruling.

 The Shipps contend that the court erred in allowing the Stokers to use the easement for both residential and business purposes because an easement must burden the servient estate only to the extent reasonably necessary. *See Exxon Corp. v. Schutzmaier,* 537 S.W.2d 282, 287 (Tex.Civ.App.—Beaumont 1976, no writ). It is clear that the Stokers purchased their property with the intent to use it for both business and residential purposes. An easement granted for general purposes includes not only the use required at the time of the grant, but also the right to use the easement for any purpose connected to the use of the property. *City Pub. Serv. Bd. of San Antonio v. Karp,* 585 S.W.2d 838, 841 (Tex.Civ.App.—San Antonio 1979, no writ). The evidence indicated that from the time of the original grant of the easement until the time the Shipps purchased their land, and continuing thereafter, Richardson, his family, and their lessees used the lane for both residential and business purposes. The Shipps admit that they were aware of these uses prior to the Stokers' purchase. Because the agreement creating the original easement contained no restrictions on its use, we hold that the easement was granted for general purposes and may therefore be used for any purpose connected to the use of the property it accesses. The trial court did not err in granting the easement for both residential and business use.

 The Shipps contend that the court erred in granting an easement without determining the owner of the land on which the lane sits. The Shipps cite no authority for this point, other than the general proposition that one who holds title to real property cannot also have an easement on that property. *Howell v. Estes,* 71 Tex. 690, 12 S.W. 62, 62 (1888). It is clear from the record that neither the Shipps' deed nor the Stokers' deed includes the land encompassing the lane, nor does any other deed introduced at trial. Various representatives of the estates of both Richardson and Granbury testified that none of them claimed the lane, nor currently had deeds covering the land on which it sits. Because there was sufficient evidence of the creation of an easement by estoppel, the court did not err in granting the easement as to the two parties involved in this appeal.

 The Shipps contend that the easement granted by the trial court not only covers the property historically encompassing the lane, but extends to invade parts of property described in their deed. In their brief, the Shipps set out no facts to support this contention. In announcing its ruling from the bench on March 24, 1995, the trial court stated that it was ordering a survey to determine the proper extent of the lane. On April 10, 1995, the court issued the order granting permanent easement over the lane,

which order included an extensive physical description of the land covered by the easement. In the absence of any evidence to the contrary, we presume that the trial court properly established the bounds of the easement.

The judgment of the trial court is affirmed.