COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JOE T. RUSSELL, JR.,                                         )

                                                                              )              No.  08-00-00546-CV

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )              
394th District Court

JOY RAWLS,                                                       )

                                                                              )         
of Presidio County, Texas

Appellee.                           )

                                                                              )                     (TC# 6323)

 

 

MEMORANDUM   OPINION

 

Appellant Joe T.
Russell appeals from the trial court=s
judgment entered in favor of Appellee Joy Rawls, which establishes that Ms.
Rawls possesses an easement across his property.  On appeal, Mr. Russell raises a single
issue:  whether the trial court erred in
finding that Ms. Rawls was entitled to an easement by estoppel because she
failed to show that the legal elements of an easement by estoppel had been
satisfied.  We affirm.  

FACTUAL
AND PROCEDURAL BACKGROUND








This case arises
from a dispute over Appellee Joy Rawls=
right to use a road which is on a portion of Mr. Russell=s
property.  Ms. Rawls is the owner and
resident of a twenty‑acre property in the Casa Pierdas area of Presidio
County, Texas.  Ms. Rawls moved to this
property in 1982.  At that time, the
adjacent ranch property was owned by Ms. Tomasa Van Neiman, Appellant=s aunt. 
At trial, Ms. Rawls testified that she and Ms. Van Neiman were familiar
with each other and had a friendly relationship.  Ms. Van Neiman had known Ms. Rawls= husband since he was born and they had
visited in Casa Pierdas often.  Ms. Rawls
stated that she and her husband were taken in just like family members and as
Ms. Van Neiman=s health
deteriorated, Ms. Rawls went to her house every day to see how she was doing
and to tend to her needs.

During Ms. Van
Neiman=s
lifetime, Ms. Rawls used a twenty‑foot roadway on Ms. Van Neiman=s property as the means of ingress and
egress to her twenty‑acre property. 
Ms. Rawls testified that Ms. Van Neiman had no objection whatsoever to
allowing her to continue using that road. 
Ms. Rawls stated that she would drive Ms. Van Neiman into town when Ms.
Van Neiman was no longer able to drive, brought her groceries after she was not
able to do so herself, and brought her mail to her every week.  According to Ms. Rawls, Ms. Van Neiman never
objected to her using the roadway.  She
stated that the roadway was her only practical means of ingress and egress to
her property and that she had relied on Ms. Van Neiman=s
actions with respect to continuing use of that roadway.

At trial, two
witnesses testified to their relationship between Ms. Rawls and Ms. Van Neiman.
Stanley Elliot, who is Ms. Rawls=
brother and was Ms. Van Neiman=s
brother‑in‑law, recalled that his sister used to check on Ms. Van
Neiman every day, used to take her mail to her, and that they got along like
neighbors.  To his knowledge, Ms. Rawls
was never hindered, stopped, or not allowed from using that road for any
reason.  Wilbur Elliot, another brother
of Ms. Rawls, testified that she and Ms. Van Neiman were good neighbors who did
favors for one another.  He never knew of
Ms. Van Neiman ever stopping anybody from using the road that ran along the
fence line of her property.








Upon Ms. Van Neiman=s death in 1992, Appellant Joe T.
Russell, Jr. acquired the seven acres where his aunt=s
house and ranch headquarters are located. 
Ms. Rawls continued to use the road until 1995, with the exception of
two stoppages in 1989 and 1991 at Appellant=s
request for road repairs.  Other than the
times when the road needed repair, Mr. Russell did not stop Ms. Rawls from
using the road prior to 1995.  There was
never any type of written easement granted to Ms. Rawls nor has Mr. Russell
formally given her permission to use the road on his property.  However, Ms. Rawls testified that until 1995
at no time did Mr. Russell=s
conduct indicate that she could not use the road on his property.  She also stated that she continues to rely on
the use of the road as an easement to reach her property.

In 1995, Mr.
Russell stopped Ms. Rawls from using the road on his property by putting up
barbed wire and hauling in about nine big boulders to block the road.  Ms. Rawls received a letter from Mr. Russell
in which she was instructed that she could only use the road with
Mr. Russell=s permission.  Ms. Rawls started to make preparations to
find an alternative way to her property. 
She moved her vehicles to the Donaldson property and moved her cattle
and a barrel of gasoline to the Russell property.  From then on, any time Ms. Rawls came to or from
her property, she had to walk across the Carpenters=
property and crawl through two grates to get to her house.  When Ms. Rawls had things to carry, she
transported her belongings in a wheel barrel. 
Though Ms. Rawls did not have the owners= permission, she started doing this
because it was necessary for her to come and go from her property.  Ms. Rawls told them why she was doing it and
they did not object.  However, Mr.
Carpenter later blocked Ms. Rawls=
access to his property in early 1999.  








In January 1999,
Ms. Rawls approached Mr. Russell about making a deal because Ms. Rawls was
willing to buy an easement.  In order to
start using the road again, Ms. Rawls entered into an agreement with Mr.
Russell under his terms.  For one month,
January 9 to February 13, 1999, Ms. Rawls paid Mr. Russell $100 for use of the
road on his property.  When Ms. Rawls did
not pay a second $100, Mr. Russell wrote her a letter stating that he planned
to put up a locked gate.

At trial, Mr.
Russell testified that he recalled seeing Ms. Rawls at his aunt=s house and knew that Ms. Rawls had
visited and had helped take care of his aunt before she died.  Mr. Russell stated that he never told
Ms. Rawls that she had any type of easement across his property.  He also testified that at the January
meeting, he told Ms. Rawls that he was not interested in selling an easement
and instead made a good faith offer for her to use his road for a renewable
period of one year at a cost of $500 each year.

Following the
bench trial, the trial court entered a judgment in favor of Ms. Rawls, ordering
that she recover from Mr. Russell title to and possession of the twenty-foot
wide easement on the east boundary line of his 320-acre property.  In the trial court=s
findings of fact and conclusions of law, it found that from July 1982 until the
death of Mr. Russell=s
grantor a representation was communicated either by word or action to Ms. Rawls
of an easement for passage over a strip of land to be used for purposes of
ingress and egress to Ms. Rawls=
property and home located therein.  It
found that Ms. Rawls believed the communication and relied on the communication
to use the strip of land on the side of the fence line that runs north and
south along the Mr. Russell=s
east fence line.  The trial court also
found that Ms. Rawls continues to rely upon the existence of the easement by
estoppel, in order to ingress and egress her property and home.  Mr. Russell now appeals the trial court=s judgment.

 








DISCUSSION

Standard
of Review 

In his sole issue,
Mr. Russell argues that Ms. Rawls failed to meet her burden of proof in
establishing an easement by estoppel. 
Specifically, Mr. Russell asserts that Ms. Rawls=
only claim to the easement is based on his and his predecessor in title=s failure to object to her use of the
road, therefore no representation was communicated to Ms. Rawls with respect to
her continued use of the roadway.  We
understand Mr. Russell to be challenging the legal sufficiency of the evidence
to support the trial court=s
finding that Ms. Rawls has an easement by estoppel across a portion of his
property.  

A
trial court=s
findings of fact in a bench trial have the same force and dignity as a
jury verdict and we review sufficiency challenges to findings of fact by the
same standards we apply in reviewing a jury=s
findings.  See Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).  In reviewing the trial court=s findings of fact for legal
sufficiency of the evidence supporting them, we consider only the evidence
favorable to the decision of the trier of fact and disregard all evidence and
inferences to the contrary.  Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992).  If there is more than a scintilla of evidence
to support the finding, the legal sufficiency point fails.  Stafford v. Stafford,
726 S.W.2d 14, 16 (Tex. 1987); Worsham Steel Co. v. Arias, 831 S.W.2d
81, 83 (Tex.App.‑-El Paso 1992, no writ).  A trial court=s conclusions of law are
reviewed de novo as legal questions. 
Hitzelberger v. Samedan Oil Corp., 948 S.W.2d
497, 503 (Tex.App.‑-Waco 1997, writ denied).  We will follow a trial
court=s
conclusions of law unless they are erroneous as a matter of law.  Id. at 503.

 








Easement
by Estoppel

An easement, as a
general rule, must be in writing to be validly conveyed.  See
Tex.Prop.Code Ann. '
5.021 (Vernon 1984); Stallman v. Newman, 9 S.W.3d 243, 247 (Tex.App.‑‑Houston
[14th Dist.] 1999, pet. denied).  The
doctrine of easement by estoppel, a creature of equity, is an exception to this
general rule.  Stallman, 9 S.W.3d at 247.  The
doctrine of easement by estoppel holds that the owner of the alleged servient
estate may be estopped from denying the existence of an easement by making
representations that have been acted upon by the owner of the alleged dominant
estate.  See Drye v.
Eagle Rock Ranch, Inc., 364 S.W.2d 196, 209
(Tex. 1963).  This doctrine is not
clearly defined and its application must depend on the facts of each case.  Drye, 364 S.W.2d at 209;
Stallman, 9 S.W.3d at 246.

Three elements are
necessary to create an easement by estoppel: 
(1) a representation communicated, either by word or action, to the
promisee; (2) the communication was believed; and (3) the promisee relied on
the communication.  See
Storms v. Tuck, 579 S.W.2d 447, 452 (Tex.
1979); Holden v. Weidenfeller, 929
S.W.2d 124, 131 (Tex.App.‑‑San Antonio 1996, writ denied).  These elements apply at the time the
communication creating the alleged easement is made.  Vinson v. Brown, 80
S.W.3d 221, 229 (Tex.App.‑‑Austin 2002, no pet.).  An easement by estoppel, once created, is
binding upon successors in title if reliance upon the existence of the easement
continues.  See Shipp v. Stoker,
923 S.W.2d 100, 102 (Tex.App.‑‑Texarkana 1996,  writ denied).  








Texas appellate
courts are divided on whether an easement by estoppel can be created by mere
silence or whether such an easement can occur apart from a vendor/vendee
relationship in which the representation served as an inducement for the
conveyance.  See Mack v. Landry,
22 S.W.3d 524, 529 (Tex.App.‑‑Houston [14th Dist.] 2000, no pet.)(discussing differing applications of the estoppel theory in
the appellate courts); Scott v. Cannon, 959 S.W.2d 712, 721 (Tex.App.‑‑Austin
1998, pet. denied)(finding there must be a vendor/vendee relationship to
establish an easement by estoppel); Wallace v. McKinzie, 869 S.W.2d 592,
596 (Tex.App.‑‑Amarillo 1993, writ denied)(finding permissive,
acquiescent conduct constituted representations made to a promisee).  As stated above, the application of the
equitable doctrine of easement by estoppel must be determined on a case-by-case
basis.  See Drye, 364 S.W.2d at 209; Stallman, 9 S.W.3d at 246.  As such, we find that it is appropriate to
apply this doctrine outside of strictly vendor/vendee relationships in
circumstances, such as in this case, where the representation made constitutes
the conduct or words of the promisor and the promisee acted in reliance
thereon.  See Wallace,
869 S.W.2d at 595-96; Exxon v. Schutzmaier, 537 S.W.2d 282, 285
(Tex.Civ.App.--Beaumont 1976, no writ).








Here, the evidence
at trial shows that for a period of time between 1982 and Ms. Van Neiman=s death in 1992, Ms. Rawls used the
road on Ms. Van Neiman=s
property as a means of ingress and egress to her landlocked twenty-acre
property, as well as to access Ms. Van Neiman=s
house.  When Ms. Van Neiman=s health began to deteriorate, Ms.
Rawls drove Ms. Van Neiman to and from town. 
Ms. Rawls went to Ms. Van Neiman=s
house every day to tend to her needs, bring her groceries, or her mail.  There is no evidence to contradict the strong
inference that Ms. Van Neiman was aware of Ms. Rawls= continual use of the twenty-foot wide
road along the east fence line of Ms. Van Neiman=s
property to access both the Rawls property and her home to accomplish these
tasks.  While there is no evidence in the
record of any verbal communication to Ms. Rawls by Mr. Russell or his
predecessor in title, Ms. Van Neiman, Ms. Van Neiman=s
conduct was more than mere acquiescence to the use of the road on her
property.  The evidence suggests that
despite several opportunities, Ms. Van Neiman never objected to Ms. Rawls= use of the road nor was Ms. Rawls ever
told that she could not use the road. 
Ms. Van Neiman=s
permissive conduct is evidence that supports the trial court=s finding that a representation was
made to Ms. Rawls of an easement for passage over a strip of land to be used
for purposes of ingress and egress to Ms. Rawls=
property and home.  Moreover, the
evidence at trial also supports the trial court=s
finding that Ms. Rawls acted in reliance and continues to rely on this
representation.  Accordingly, we find
that the evidence was legally sufficient to support the trial court=s findings and judgment that Ms. Rawls
possesses an easement by estoppel on Mr. Russell=s
property.  Issue One is overruled.  

For the reasons
stated above, we affirm the trial court=s
judgment.  

 

 

March
20, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 5

Barajas, C.J., Chew, J., and Hill, C.J.
(Ret.)

Hill, C.J., (Ret.)(Sitting by
Assignment)