Opinion filed April 13, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 13, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00267-CV 

                                                     __________

 

           KENNETH
L. CLEAVER AND CYNTHIA CLEAVER, Appellants

 

                                                             V.

 

                                      CHARLES
CUNDIFF, Appellee

 



 

                                          On
Appeal from the 32nd District Court

 

                                                          Nolan
County, Texas

 

                                                   Trial
Court Cause No. 18,356

 



 

                                                                   O
P I N I O N

Kenneth L. Cleaver and Cynthia Cleaver appeal from
a judgment placing an easement over their land. 
The jury found that an easement by estoppel existed in favor of Charles
Cundiff.  The jury also found that the
Cleavers purchased their property in good faith without knowledge of the
easement.  The trial court disregarded
the good faith finding and entered judgment in favor of Cundiff.  We affirm. 


                                                                 Issues
Presented

The Cleavers present six issues for review.  In the first issue, they contend that the
trial court erred in denying their motions for directed verdict, instructed
verdict, judgment, and judgment notwithstanding the verdict because there was
no evidence to establish the necessary elements of an easement by
estoppel.  In the second issue, the
Cleavers assert that the trial court erred in refusing to enter judgment in
their favor based upon the jury=s
finding that they were good faith purchasers. 
In the third issue, the Cleavers argue that the trial court erred in
disregarding the jury=s
finding that the Cleavers were good faith purchasers.  In the fourth issue, the Cleavers argue that
the trial court erred in denying their motion for summary judgment.  In the fifth issue, the Cleavers challenge
the factual sufficiency of the evidence establishing an easement by estoppel.  In their final issue, the Cleavers argue that
the trial court erred and abused its discretion by not submitting the Cleavers= requested jury instruction that use
alone does not establish an easement by estoppel. 

                                                             Sufficiency
Standards








We will apply the following well-recognized
standards to the Cleavers=
challenges to the sufficiency of the evidence. 
In analyzing the Cleavers=
no-evidence challenge, we must determine whether the evidence at trial would
enable reasonable and fair‑minded people to reach the verdict under
review.  City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005).  We must
review the evidence in the light most favorable to the verdict, crediting any
favorable evidence if a reasonable fact-finder could and disregarding any
contrary evidence unless a reasonable fact-finder could not.  Id. at 821-22, 827.  We may sustain a no-evidence or legal
sufficiency challenge only when (1) the record discloses a complete absence of
a vital fact, (2) the court is barred by rules of law or of evidence from
giving weight to the only evidence offered to prove a vital fact, (3) the only
evidence offered to prove a vital fact is no more than a mere scintilla, or (4)
the evidence conclusively establishes the opposite of a vital fact.  Id. at 810 (citing Robert W. Calvert, ANo Evidence@ and AInsufficient
Evidence@ Points
of Error, 38 Texas L. Rev. 361, 362-63 (1960)).  In reviewing the Cleavers= factual sufficiency challenge, we must
consider and weigh all of the evidence and determine whether the evidence in
support of the jury=s finding
is so weak as to be clearly wrong and unjust or whether the finding is so
against the great weight and preponderance of the evidence as to be clearly
wrong and manifestly unjust.  Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001); Pool v. Ford Motor
Co., 715 S.W.2d 629 (Tex. 1986); In re King=s Estate, 244 S.W.2d 660 (Tex.
1951).  

                                              Easement
by Estoppel over Road 195-P

The doctrine of easement by estoppel, or estoppel in
pais, is an exception to the statute of frauds.  Under this doctrine, a landowner may be
estopped from denying the existence of an ease-ment created by Arepresentations@
upon which another has detrimentally relied. 
Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196, 209 (Tex.
1962).  These representations may be
verbal or nonverbal.  Storms v. Tuck,
579 S.W.2d 447, 452-54 (Tex. 1979).  Once
created, an easement by estoppel is binding upon successors in title if
reliance upon the easement continues.  Holden
v. Weidenfeller, 929 S.W.2d 124, 131 (Tex. App.CSan
Antonio 1996, writ denied).  

The supreme court has recognized that the Aexact nature and extent of the doctrine
. . . have not been clearly defined.@  Drye, 364 S.W.2d at 209; accord
Storms, 579 S.W.2d at 451. 
Although the application of the doctrine of easement by estoppel depends
upon the unique facts of each case, this equitable doctrine has been applied to
circumstances such as the dedication of a street, alley, or square; a
conveyance with reference to a map or plat; and expenditures by the owner of
the alleged easement for improvements on the servient estate.  Drye, 364 S.W.2d at 209-10.  The doctrine has also been applied to circumstances
involving expenditures on the dominant estate. 
See Holden, 929 S.W.2d at 132; Exxon Corp. v. Schutzmaier,
537 S.W.2d 282, 285-86 (Tex. Civ. App.CBeaumont
1976, no writ); North Clear Lake Dev. Corp. v. Blackstock, 450 S.W.2d
678, 683 (Tex. Civ. App.CHouston
[14th Dist.] 1970, writ ref=d
n.r.e.).  








We note that the results reached by courts
applying the doctrine have varied.  Compare
Drye, 364 S.W.2d at 209-11 (no easement by estoppel for pleasure and
recreation over a 1,000-acre ranch); Stallman v. Newman, 9 S.W.3d 243
(Tex. App.CHouston
[14th Dist.] 1999, pet. denied) (landowner=s
mere failure to act did not create easement by estoppel over road used with
permission); Scott v. Cannon, 959 S.W.2d 712 (Tex. App.CAustin 1998, pet. denied)(requiring
vendor/vendee relationship to create easement by estoppel); and Wilson
v. McGuffin, 749 S.W.2d 606 (Tex. App.CCorpus
Christi 1988, writ denied)(no easement by estoppel over road used with permission),
with Storms, 579 S.W.2d at 451-54 (indicating that vendor/vendee
relationship is not necessarily required to create easement by estoppel); Harrison
v. Boring, 44 Tex. 255 (1875) (reversing verdict where the great body of
the evidence favored easement by estoppel over lots that were not to be sold
for private purposes); Thompson v. Houk, No. 12-04-00315-CV, 2005 WL
2035831 (Tex. App.CTyler
Aug. 24, 2005, no pet.)(mem. op.)(easement by estoppel over access road upheld
based upon landowner=s
acquiescing behavior);  Murphy v. Long,
170 S.W.3d 621 (Tex. App.CEl
Paso 2005, pet. denied)(upholding easement by estoppel over roadway even though
neither vendor/vendee relationship nor written document existed); Mack v.
Landry, 22 S.W.3d 524 (Tex. App.CHouston
[14th Dist.] 2000, no pet.)(upholding easement by estoppel over road and
bridge); Holden, 929 S.W.2d at 131-32 (easement by estoppel over access
road upheld based upon conduct and reliance); Shipp v. Stoker, 923
S.W.2d 100 (Tex. App.CTexarkana
1996, writ denied) (upholding easement by estoppel over unpaved lane); and Wallace
v. McKinzie, 869 S.W.2d 592 (Tex. App.CAmarillo
1993, writ denied)(upholding easement by estoppel created by permissive and
acquiescing behavior with respect to use of the road).  

In the present case, the jury was instructed that
an easement by estoppel may be established by showing each of the following
elements:  (1) a landowner or his
predecessor in interest makes a representation either by words or conduct to
the adjacent landowner or his predecessor in interest that an easement exists
to use the landowner=s
property, (2) the adjacent landowner or his predecessor in interest believes
such representation to be true, and (3) the adjacent landowner or his
predecessor in interest relies upon such representation.  See Storms, 579 S.W.2d at 452.  Based upon this instruction, the jury found
that Cundiff had an easement by estoppel over Road 195-P from the county road
across Section 172 (the Cleavers=
property) to Section 171 (Cundiff=s
property).  

The record shows that Cundiff=s property is landlocked and that the
only access to his property is Road 195-P from County Road 261 through Section
172 to the southern boundary of Section 171.[1]  Road 195-P was in existence when the parties
acquired their respective tracts. 
Cundiff and his mother, now deceased, purchased Section 171 in April
2000.  At that time, there were sheds,
barns, a windmill, fences, and an old house on the property.  Cundiff and his father spent time and money
working on the house.








Shortly after the Cleavers purchased a portion of
Section 172 in August 2001, they put up a chain across the cattle guard at the
intersection of Road 195-P and County Road 261 and replaced the gate between
their property and Cundiff=s
property.  At the time the Cleavers
replaced the gate between the two properties, Cundiff and his father were on
the Cundiff property and were locked in. Kenneth Cleaver refused to allow
Cundiff=s father
egress through the gate and down Road 195-P, the only road out.  Cundiff and his father had to drive across
their rough land, take down a neighbor=s
fence, put the fence back, and drive through the neighbor=s pasture.  The Cundiffs subsequently obtained temporary
permission from this neighbor for ingress and egress each time they entered and
left Section 171.  

The Cleavers=
actions clearly did not create an easement. 
Therefore, if one existed, it was created by Section 172=s prior owners.  The testimony traced Road 195-P back to the
Armstrongs.  Their granddaughter, Alta
Jean Sawyer, testified that her grandparents were married in 1902 and built the
house now located on Section 171.  Sawyer
testified that the road had been there for as long as she could remember and
that it was the only road available to access her grandparents= house. 
The testimony showed that the Armstrongs maintained and bladed the road
from the house down to the county road. 
The road was used by meter readers to read the meter at the Armstrongs= house. 
The Armstrongs=
mailbox was at the intersection of Road 195-P and County Road 261.  Sawyer lived on Section 171 and met the
school bus at this intersection.  Cundiff=s father testified that the road served
no purpose besides allowing access to the residents north of Section 172.

The Cleavers correctly argue that use alone does
not create an easement by estoppel.  See  Stallman, 9 S.W.3d at 247, and Roberts
v. Allison, 836 S.W.2d 185, 187 (Tex. App.CTyler
1992, writ denied).  But unlike Roberts,
there was no testimony that the road benefitted the servient estate owner and
that he simply allowed others to use it. 
In this case, the evidence indicated the primary purpose of much of the
road was to benefit the Armstrongs and their successors.  Furthermore, the Armstrongs did not merely
use the road; they maintained it.  Unlike
Stallman, there was no testimony that Section 172=s
owners gave anyone specific permission to use Road 195-P, which would imply the
right to revoke that permission.  The
evidence regarding the use of Road 195-P indicates a belief that the road=s use was by right.  








Nothing in the record refutes this manner of
use.  The Cleavers purchased their land
from an estate controlled by Cecil W. Brown. 
Brown testified that Section 172 had belonged to his family since
1927.  Brown took care of the property
beginning in the mid-1970s but actually went to the property only about once a
year.  Brown acknowledged that there were
several locks on the gate between Section 171 and 172 and that he had never
possessed a key to any of those locks. 
He testified that the road=s
condition had deteriorated but that in 2000 someone cut a chain over the cattle
guard and cleared the road with a bulldozer. 
Brown put a lock in the chain, but someone knocked the post out of the
cattle guard.  Brown did not testify that
he ever gave Cundiff permission to use the road.  In fact, his testimony indicates that there
was a clear difference of opinion as to Cundiff=s
rights.  

After reviewing all of the evidence, we hold that
it is both legally and factually sufficient to establish that an easement by
estoppel existed over Road 195-P.  From
the evidence introduced, the jury could reasonably infer that Road 195-P was
used from the beginning by the Armstrongs as a matter of right.  The testimony does not indicate who built the
road or when; however, the evidence does show that the Armstrongs had lived on
Section 171 since the early 1900s, that they had used the road for as long as
anyone could remember, that the road was their means of ingress and egress to
the house they built on Section 171, and that they had maintained the road
throughout the years.  The jury could
reasonably infer that the Armstrongs would not have built their house without
some reliable means of access and would not have expended time and money
maintaining a road over which they had no claim.  The evidence regarding the conduct of the
Armstrongs and the previous owners of Section 172 is sufficient to support the
jury=s finding
that an easement by estoppel was created over Road 195-P.  Because the use of Road 195-P and the
reliance thereon has continued, the Cleavers are estopped to deny an easement.  The first and fifth issues are overruled.  

                                                            Bona
Fide Purchasers








In their second and third issues, the Cleavers
argue that the trial court should have entered judgment in their favor based
upon the jury=s finding
that they were good faith purchasers and that the trial court erred in
disregarding that jury finding.  Upon the
Cleavers= specific
request, the trial court included the following jury question in the jury
charge: ADid
Kenneth L. and Cynthia Cleaver purchase the Cleaver Property in good faith for
valuable consideration and without knowledge of any outstanding claim of an
easement to cross their property?@  The jury answered affirmatively. 

The Cleavers assert that their status as good
faith or bona fide purchasers precludes an easement by estoppel from being
imposed against them.  They rely on Lakeside
Launches, Inc. v. Austin Yacht Club, Inc., 750 S.W.2d 868, 873 (Tex. App.CAustin 1988, writ denied), for the
proposition that an easement by estoppel cannot Abe
imposed against a subsequent purchaser for value, who has no notice, actual or
constructive, of the easement claimed.@  To be a bona fide purchaser, the purchase
must be made for valuable consideration and without notice, either actual or
constructive, of the adverse claim.  Harrison,
44 Tex. at 263.  Notice is sufficient if
it would lead an ordinarily prudent man to inquire into the matter.  Id. at 263-64.  

Lakeside is distinguishable from this case
because it involved Aa
possible higher use@ of the
ramp and easement about which the purchaser was not required to inquire.  Lakeside, 750 S.W.2d at 873.  In Lakeside, there was nothing to give
the purchaser notice that prior owners of the adjoining land may have extended
a floating dock beyond the ramp.  In this
case, the use of the road was open and obvious; and the road continued into the
adjoining land.  

In Harrison, the supreme court held that
the purchasers were not bona fide purchasers because they were put on notice of
the claimed easement based upon the position of the building and its door and
windows abutting their land.  The prior
owners of that land had declared that it would remain an open space surrounding
the depot.  Harrison, 44 Tex. at
263-65.  In Holden, the San
Antonio court declared that circumstances similar to those in the present case
prevented the purchasers from being bona fide purchasers.  Holden, 929 S.W.2d at 132.  The purchasers in Holden saw the road
and the gate which led across their property into land owned by another,
thereby putting them on notice to inquire into the rights claimed by the
adjoining landowners.  Id.  








 The facts
of the present case are more analogous to Harrison and Holden
than Lakeside.  In this case, the
road across Section 172 was obviously visible. 
Before purchasing the land in Section 172, Kenneth Cleaver drove around
the property and down the caliche or gravel road known as Road 195-P.  He observed somebody in an old, green pickup
using Road 195-P to cross Section 172. 
He noticed that Road 195-P led to a locked gate with various locks on it
and then continued on into Section 171, which belonged to someone else.  The Cleavers did not contact the adjoining
landowners to inquire about any rights they may have claimed to use the
road.  Based upon this evidence, the
Cleavers could not establish that they were bona fide purchasers.  Thus, the trial court did not err in
disregarding the jury=s
answer or in refusing to enter judgment in the Cleavers=
favor.  The second and third issues are
overruled.  

                                                      Denial
of Summary Judgment

In their fourth issue, the Cleavers contend that
the trial court erred in denying their motion for summary judgment relating to
the easement by estoppel.  Generally, the
denial of a motion for summary judgment is an interlocutory order that, with a
few exceptions, is not appealable.  Cincinnati
Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996).  After a trial on the merits, as in the
present case, the denial of a motion for summary judgment may not be reviewed
on appeal.  Ackermann v. Vordenbaum,
403 S.W.2d 362, 365 (Tex. 1966); Anderton v. Schindler, 154 S.W.3d 928,
931 (Tex. App.CDallas
2005, no pet.).  Consequently, the trial
court=s denial
of the Cleavers= motion
for summary judgment is not reviewable on appeal, and the fourth issue is
overruled.  

                                                                 Jury
Instruction

In their final issue, the Cleavers complain of the
trial court=s refusal
to instruct the jury that use alone does not establish an easement by
estoppel.  The record shows that the
Cleavers= attorney
requested that the following instruction be included in the jury charge:

You
are further instructed that . . . a representation may be made by words or
conduct but that the use only, even for a long time of a road and the
landowners allowing without comment the use of the road is not conduct
constituting a representation so as to establish an easement by estoppel. 

 

When a trial court refuses to submit a requested
jury instruction, our review focuses on whether the request was reasonably
necessary to enable the jury to render a proper verdict.  Tex.
R. Civ. P. 277; Vinson & Elkins v. Moran, 946 S.W.2d 381, 405
(Tex. App.CHouston
[14th Dist.] 1997, writ dism=d
by agr.).  The court should not burden
the jury with surplus instructions.  Acord
v. General Motors Corp., 669 S.W.2d 111, 116 (Tex. 1984).  Consequently, every correct statement of the
law does not belong in the jury charge.  Maddox
v. Denka Chem. Corp., 930 S.W.2d 668, 671 (Tex. App.CHouston
[1st Dist.] 1996, no writ). 








While the refused instruction may be a correct
statement of the law, it was not reasonably necessary to enable the jury in
this case to reach a proper verdict.  The
instructions and question submitted were clear and unambiguous.  They informed the jury that, to establish an
easement by estoppel, (1) a landowner or his predecessor must have made a representation
C either by words or conduct (2) that
was believed by the adjacent landowner and (3) upon which the adjacent
landowner relied.  This instruction did
not permit the jury to find that an easement was created by use alone.  We hold that the trial court did not abuse
its discretion in refusing to submit the Cleavers=
requested instruction.  The sixth issue
is overruled.  

The judgment of the trial court is affirmed.  

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 13, 2006

Panel
consists of:  Wright, C.J., and

McCall, J., and Strange, J. 












 
 
 
 
 




                                                                   AAppendix A@











     [1]The
map is attached as Appendix A.