NO. 12-09-00202-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

                                                                        §                      

IN RE:  THE SHED, L.L.C.,

                                                                        §                      ORIGINAL
PROCEEDING

RELATOR

                                                                        §                      







MEMORANDUM OPINION

Relator,
The Shed, L.L.C., complains of an order finding it in contempt and imposing a
$500.00 fine.  Because the trial court did not abuse its discretion, we deny
The Shed’s request for relief.

 

Background

            In
the underlying lawsuit, Edom Wash ’N Dry, L.L.C. sued its neighbor, The Shed,
L.L.C., and Mary Ellen Malone, an owner of The Shed, to resolve a dispute over
an access easement that crosses The Shed’s property for the benefit of Edom
Wash ’N Dry.  After a jury trial, the trial court signed a judgment declaring
that Edom Wash ’N Dry holds an easement appurtenant across The Shed’s property
for ingress and egress from Farm to Market Road 279.  The court permanently
enjoined The Shed from “restricting, blocking, [or] interfering with [Edom Wash
’N Dry’s] use in any manner, directly or indirectly, of the right of pedestrian
and vehicular ingress and egress across the easement.”  On appeal, this court
reversed the portions of the trial court judgment awarding Edom Wash ’N Dry
exemplary damages and attorney’s fees, remanded the cause for a new trial on
attorney’s fees, and affirmed the trial court judgment in all other respects.  The
Shed, L.L.C. v. Edom Wash ’N Dry, L.L.C., No. 12-07-00431-CV,
2009 Tex. App. LEXIS 1853 (Tex. App.–Tyler Mar. 18, 2009, pet. denied).

            Asserting
that The Shed and Malone violated the trial court’s injunction, Edom Wash ’N
Dry filed a motion for contempt.  At a hearing on the motion, Edom Wash ’N Dry
presented the testimony of Thomas Beal, Jr., who is a courier for Federal
Express, and Earl A. Berry, Jr., who is a member of Edom Wash ’N Dry.  Berry’s
office is in the building owned by Edom Wash ’N Dry located on the property
that enjoys the easement.  Beal explained that one day when he was making a
delivery to Berry, he was approached by someone called “Slim” who opened his
passenger side door and told him not to drive through the parking lot in front
of The Shed.  Slim told him he had to go around The Shed’s property and come in
through the FM 314 entrance.  Slim also told him he was driving too fast and
“knocking holes in his parking lot.”  As Beal was leaving after he made the
delivery, Slim “launched himself” off The Shed’s porch and ran to the truck. 
Slim told him that Edom Wash ’N Dry had lost the case and Beal could not drive
through The Shed’s parking lot to deliver to Berry.  Using profanity, Slim also
told Beal he was going to report him.  Toward the end of the exchange, a woman
whom Beal knew to be an employee of The Shed walked up to him and told him he
was not allowed to go through the parking lot because Edom Wash ’N Dry lost the
court case.  Beal also testified that Slim yelled at him and he felt
threatened.  

            Berry
testified that several vehicles have at times blocked the easement, but he did
not know who owned the vehicles or if they were customers of The Shed.  He also
testified that a Coca Cola truck had blocked the easement to make a delivery to
The Shed.  After hearing the evidence, the trial court found that Malone had
not violated the injunction.  However, the trial court found The Shed in
contempt for interfering with Edom Wash ’N Dry’s use of the easement when a
Federal Express delivery truck left the Edom Wash ’N Dry property on February
20, 2009.  For this violation, the court ordered The Shed to pay a $500.00
fine.

            In
this original proceeding, The Shed requests this court to issue a writ of
mandamus requiring the trial court to vacate its contempt order.  The Shed also
filed a motion for emergency stay, which this court granted on July 1, 2009.

 

Prerequisites to Mandamus

            Mandamus
is an extraordinary remedy, available only in limited circumstances.  Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). 
Mandamus will issue to correct a clear abuse of discretion when there is no
other adequate remedy at law.  Id. at 839.  A trial court abuses
its discretion if it reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law.  Id.  In other
words, the relator must establish that the trial court could reasonably have
reached only one decision.  Id. at 840.  Contempt orders are not
appealable.  Ex parte Rose, 704 S.W.2d 751, 752 n.1 (Tex. Crim.
App. 1984) (orig. proceeding).  Moreover, contempt orders that do not involve
confinement cannot be reviewed by writ of habeas corpus.  In re Long,
984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (op. on reh’g). 
Consequently, the only possible relief is a writ of mandamus.  Id. 
Therefore, the sole question for our determination is whether the contempt
order constitutes an abuse of discretion.

 

Abuse of Discretion

            The
Shed asserts that the judgment’s declaratory relief lacks the requisite command
language and therefore is not enforceable by contempt.  The argument misses the
mark.  The Declaratory Judgments Act provides a means for parties to obtain a
declaration of rights.  Tex. Civ. Prac.
& Rem. Code Ann. § 37.004 (Vernon 2008).  An injunction may be used
to enforce those rights.  See Tex.
Civ. Prac. & Rem. Code Ann. § 37.011 (Vernon 2008); Tex. Educ.
Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994).  A violation of an
injunction is punishable by contempt.   Ex parte Jackman, 663
S.W.2d 520, 524 (Tex. App.–Dallas 1983) (orig. proceeding).  Therefore, whether
the portion of the judgment awarding declaratory relief lacks command language
is irrelevant.

            The
Shed argues that the easement belongs to Edom Wash ’N Dry, its agents, heirs,
successors, and assigns and that the Federal Express employee, Beal, does not
fall into one of those categories and is not entitled to use the easement. 
Beal is an invitee, and the judgment does not expressly enjoin The Shed from
interfering with an invitee.  Therefore, the argument continues, approaching
Beal and telling him not to drive through The Shed’s property cannot be a
violation of the injunction against interfering with Edom Wash ’N Dry’s use of
the easement.  We disagree.

            It
was undisputed at trial that Edom Wash ’N Dry owns an ingress and egress
easement across The Shed’s property.  Further, the trial court’s judgment
specifically awarded Edom Wash ’N Dry an easement appurtenant for the purpose
of access to and from its property.  The Shed and its agents, heirs,
successors, and assigns were “permanently enjoined from restricting, blocking,
[or] interfering with [Edom Wash ’N Dry’s] use in any manner, directly or
indirectly, of the right of pedestrian and vehicular ingress and egress across
the easement.”  

            An
easement appurtenant attaches to the land.  Shipp v. Stoker, 923
S.W.2d 100, 103 (Tex. App.–Texarkana 1996, writ denied).  Whether the rights
are granted expressly or by implication, an easement includes “the right to do
whatever is reasonably necessary for full enjoyment of the rights granted.”  Marcus
Cable Assocs., L.P. v. Krohn, 90 S.W.3d 697, 701 (Tex. 2002); Whaley
v. Cent. Church of Christ, 227 S.W.3d 228, 231 (Tex. App.–Houston [1st
Dist.] 2007, no pet.).    

            Edom
Wash ’N Dry is a business, and it has subleased portions of its property that
is served by the easement to an individual and a law firm.  It would not be
reasonable to interpret the court’s order to mean that only Edom Wash ’N Dry
can use the easement and not Edom Wash ’N Dry’s tenants.  The right to use the
easement extends to others who, by Edom Wash ’N Dry’s permission, may visit its
property.  Businesses are frequented by customers, clients, and deliverymen. 
Use of the easement by these invitees is reasonably necessary to Edom Wash ’N
Dry’s enjoyment of the rights granted by the easement.  The trial court was
within its discretion in determining that the easement gave Edom Wash ’N Dry
the implied right to allow invitees to use the easement. See Krohn,
90 S.W.3d at 701.  Accordingly, the trial court did not abuse its discretion in
holding The Shed in contempt for interfering with Edom Wash ’N Dry’s use of the
easement or for ordering The Shed to pay a $500.00 fine.  

 

Disposition

            Because
the trial court did not abuse its discretion, we deny The Shed’s
petition for writ of mandamus.  Further, the emergency stay imposed by this
court’s order of July 1, 2009 is hereby lifted.

                                                                                                Brian Hoyle

                                                                                                    
Justice

 

 

Opinion delivered May 28,
2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J. 

 

 

 

 

 

 

(PUBLISH)