# NO. 12-09-00202-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | § | |
|---|---|---|
| *IN RE:  THE SHED, L.L.C.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION

Relator, The Shed, L.L.C., complains of an order finding it in contempt and imposing a $500.00 fine.  Because the trial court did not abuse its discretion, we deny The Shed's request for relief.

## BACKGROUND

In the underlying lawsuit, Edom Wash 'N Dry, L.L.C. sued its neighbor, The Shed, L.L.C., and Mary Ellen Malone, an owner of The Shed, to resolve a dispute over an access easement that crosses The Shed's property for the benefit of Edom Wash 'N Dry. After a jury trial, the trial court signed a judgment declaring that Edom Wash 'N Dry holds an easement appurtenant across The Shed's property for ingress and egress from Farm to Market Road 279.  The court permanently enjoined The Shed from "restricting, blocking, [or] interfering with [Edom Wash 'N Dry's] use in any manner, directly or indirectly, of the right of pedestrian and vehicular ingress and egress across the easement."  On appeal, this court reversed the portions of the trial court judgment awarding Edom Wash 'N Dry exemplary damages and attorney's fees, remanded the cause for a new trial on attorney's fees, and affirmed the trial court judgment in all other respects.  *The Shed, L.L.C. v. Edom Wash 'N Dry, L.L.C.*, No. 12-07-00431-CV, 2009 Tex. App. LEXIS 1853 (Tex. App.–Tyler Mar. 18, 2009, pet. denied).

Asserting that The Shed and Malone violated the trial court's injunction, Edom Wash 'N Dry filed a motion for contempt.  At a hearing on the motion, Edom Wash 'N

Dry presented the testimony of Thomas Beal, Jr., who is a courier for Federal Express, and Earl A. Berry, Jr., who is a member of Edom Wash 'N Dry. Berry's office is in the building owned by Edom Wash 'N Dry located on the property that enjoys the easement. Beal explained that one day when he was making a delivery to Berry, he was approached by someone called "Slim" who opened his passenger side door and told him not to drive through the parking lot in front of The Shed. Slim told him he had to go around The Shed's property and come in through the FM 314 entrance. Slim also told him he was driving too fast and "knocking holes in his parking lot." As Beal was leaving after he made the delivery, Slim "launched himself" off The Shed's porch and ran to the truck. Slim told him that Edom Wash 'N Dry had lost the case and Beal could not drive through The Shed's parking lot to deliver to Berry. Using profanity, Slim also told Beal he was going to report him. Toward the end of the exchange, a woman whom Beal knew to be an employee of The Shed walked up to him and told him he was not allowed to go through the parking lot because Edom Wash 'N Dry lost the court case. Beal also testified that Slim yelled at him and he felt threatened.

Berry testified that several vehicles have at times blocked the easement, but he did not know who owned the vehicles or if they were customers of The Shed. He also testified that a Coca Cola truck had blocked the easement to make a delivery to The Shed. After hearing the evidence, the trial court found that Malone had not violated the injunction. However, the trial court found The Shed in contempt for interfering with Edom Wash 'N Dry's use of the easement when a Federal Express delivery truck left the Edom Wash 'N Dry property on February 20, 2009. For this violation, the court ordered The Shed to pay a $500.00 fine.

In this original proceeding, The Shed requests this court to issue a writ of mandamus requiring the trial court to vacate its contempt order. The Shed also filed a motion for emergency stay, which this court granted on July 1, 2009.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy, available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Mandamus will issue to correct a clear abuse of discretion when there is no other adequate remedy at law. *Id.* at 839. A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* In other words, the

2

relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 840. Contempt orders are not appealable. *Ex parte Rose*, 704 S.W.2d 751, 752 n.1 (Tex. Crim. App. 1984) (orig. proceeding). Moreover, contempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (op. on reh'g). Consequently, the only possible relief is a writ of mandamus. *Id.* Therefore, the sole question for our determination is whether the contempt order constitutes an abuse of discretion.

## ABUSE OF DISCRETION

The Shed asserts that the judgment's declaratory relief lacks the requisite command language and therefore is not enforceable by contempt. The argument misses the mark. The Declaratory Judgments Act provides a means for parties to obtain a declaration of rights. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (Vernon 2008). An injunction may be used to enforce those rights. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.011 (Vernon 2008); *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994). A violation of an injunction is punishable by contempt. *Ex parte Jackman*, 663 S.W.2d 520, 524 (Tex. App.–Dallas 1983) (orig. proceeding). Therefore, whether the portion of the judgment awarding declaratory relief lacks command language is irrelevant.

The Shed argues that the easement belongs to Edom Wash 'N Dry, its agents, heirs, successors, and assigns and that the Federal Express employee, Beal, does not fall into one of those categories and is not entitled to use the easement. Beal is an invitee, and the judgment does not expressly enjoin The Shed from interfering with an invitee. Therefore, the argument continues, approaching Beal and telling him not to drive through The Shed's property cannot be a violation of the injunction against interfering with Edom Wash 'N Dry's use of the easement. We disagree.

It was undisputed at trial that Edom Wash 'N Dry owns an ingress and egress easement across The Shed's property. Further, the trial court's judgment specifically awarded Edom Wash 'N Dry an easement appurtenant for the purpose of access to and from its property. The Shed and its agents, heirs, successors, and assigns were "permanently enjoined from restricting, blocking, [or] interfering with [Edom Wash 'N Dry's] use in any manner, directly or indirectly, of the right of pedestrian and vehicular ingress and egress across the easement."

3

An easement appurtenant attaches to the land. **Shipp v. Stoker**, 923 S.W.2d 100, 103 (Tex. App.–Texarkana 1996, writ denied). Whether the rights are granted expressly or by implication, an easement includes "the right to do whatever is reasonably necessary for full enjoyment of the rights granted." **Marcus Cable Assocs., L.P. v. Krohn**, 90 S.W.3d 697, 701 (Tex. 2002); **Whaley v. Cent. Church of Christ**, 227 S.W.3d 228, 231 (Tex. App.–Houston [1st Dist.] 2007, no pet.).

Edom Wash 'N Dry is a business, and it has subleased portions of its property that is served by the easement to an individual and a law firm. It would not be reasonable to interpret the court's order to mean that only Edom Wash 'N Dry can use the easement and not Edom Wash 'N Dry's tenants. The right to use the easement extends to others who, by Edom Wash 'N Dry's permission, may visit its property. Businesses are frequented by customers, clients, and deliverymen. Use of the easement by these invitees is reasonably necessary to Edom Wash 'N Dry's enjoyment of the rights granted by the easement. The trial court was within its discretion in determining that the easement gave Edom Wash 'N Dry the implied right to allow invitees to use the easement. *See* **Krohn**, 90 S.W.3d at 701. Accordingly, the trial court did not abuse its discretion in holding The Shed in contempt for interfering with Edom Wash 'N Dry's use of the easement or for ordering The Shed to pay a $500.00 fine.

## DISPOSITION

Because the trial court did not abuse its discretion, we **deny** The Shed's petition for writ of mandamus. Further, the emergency stay imposed by this court's order of July 1, 2009 is hereby **lifted**.

BRIAN HOYLE
Justice

Opinion delivered May 28, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4